EVA MAE HICKS v. ARCHIE WARREN HICKS

No. 7610DC1000

(Filed 21 September 1977)

**Divorce and Alimony § 24.1— back child support—insufficient findings**

 The trial court erred in finding that defendant father is indebted to plaintiff mother in the sum of $8,000 for back support provided to the children of the parties where the amount of child support to be provided by the father had not previously been determined, and there was no evidence or finding as to the amount actually expended by the mother which represented the father's share of support. G.S. 50-13.4(b).

APPEAL by defendant from *Barnette, Judge.* Judgment entered 6 July 1976 in District Court, WAKE County. Heard in the Court of Appeals 31 August 1977.

Civil action wherein plaintiff filed a complaint seeking custody of two minor children born of the marriage of plaintiff and defendant, support for said children, and attorney's fees for the prosecution of the cause. No answer was filed by the defendant. Default was entered by the assistant clerk of superior court pursuant to Rule 55(a). The parties were thereafter called to a hearing before the judge. Affidavits were submitted by plaintiff regarding expenses for support of the children and the financial standing of the plaintiff.

The evidence presented at the hearing before the judge tends to show the following:

Plaintiff and defendant were married on 22 February 1968. There were two children born of the marriage. The parties separated on 10 March 1973 and were divorced on 14 July 1975. Since the date of separation plaintiff and the two children have lived with her parents in Raleigh. She is employed at Fort Bragg, North Carolina, where she commutes each day, leaving the children in the care of their grandparents. Her income is approximately $440.00 per month. Defendant is employed by the United States Postal Services in Raleigh and his present income is approximately $13,000 per year. During the parties' separation plaintiff has been the sole source of support for the children other than minor presents conferred on them on defendant's occasional visits.

On the basis of this evidence the court concluded:

"1. That it is in the best interest, health and welfare of the two minor children . . . that the plaintiff have custody of them
. . . .

"2. That the defendant should provide $117.00 per month per child for the support, maintenance, health, education and welfare of the two children . . . .

"3. That the defendant is indebted to the plaintiff in the amount of Eight Thousand Dollars ($8,000.00) for back support provided to the children . . . .

"4. That the plaintiff is entitled to recover reasonable attorney's fees from the defendant . . . ."

The court ordered accordingly and from this order defendant appeals.

*Brenton D. Adams for plaintiff appellee.*

*Nathaniel Currie for defendant appellant.*

HEDRICK, Judge.

Defendant's six assignments of error relate to that portion of the judgment decreeing that defendant is indebted to the plaintiff in the sum of $8,000 for "back support provided to the children born of the marriage of the parties," and ordering defendant "to pay . . . the sum of $50.00 [per month] for the use and benefit of Eva Mae Hicks to be applied to the defendant's $8,000 indebtedness . . . ." Thus, no question is raised on this appeal regarding that portion of the judgment awarding custody of the children to plaintiff, and requiring defendant to pay support for each child at the rate of $117 per month, and ordering defendant to pay attorney's fees for services rendered to plaintiff in the amount of $200.

Defendant's six assignments of error raise the single question of whether the court erred in concluding that defendant was indebted to plaintiff in the sum of $8,000. In *Tidwell v. Booker,* 290 N.C. 98, 115-6, 225 S.E. 2d 816, 826-7 (1976), Justice Lake, speaking for the Supreme Court, wrote:

"G.S. 50-13.4(b) provides:

'(b) In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother * * * shall be liable, *in that order,* for the support of a minor child. * * * ' (Emphasis added.)

"Thus, the statute imposes upon the father the primary duty to support the child, the mother's obligation being secondary.

. . .

"A party secondarily liable for the payment of an obligation, who is compelled by the default of the party primarily liable therefor to pay it, may, by action brought within the period of the applicable statute of limitations, compel the party primarily liable to reimburse him for such expenditure." (Citations omitted.)

The evidence in the present case is sufficient to support a finding and conclusion that defendant is primarily liable, and the plaintiff secondarily liable for support of the children born of the marriage, and that from 10 March 1973 to 6 July 1976 the plaintiff has provided the sole support for the children. However, there is no evidence or finding as to the actual amount expended by plaintiff for the support of the children for which she is entitled to reimbursement from defendant.

The trial judge found that "from March 10, 1973, through July 6, 1976, the defendant should have paid $8,000 for the support of the children." What the defendant "should have paid" is not the measure of his liability to *plaintiff*. The measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the defendant's share of support. *Tidwell v. Booker, supra.* In determining this amount the court must take into consideration the needs of the children and the ability of the defendant to pay during the time for which reimbursement is sought. *Williams v. Williams*, 18 N.C. App. 635, 197 S.E. 2d 629 (1973). The plaintiff is not entitled to be compensated for support for the children provided by others, nor is she entitled to be reimbursed for sums expended by her for the support of the children which represent her share of support as determined by the trial judge, considering "the relative ability of ... the ... parties to provide support ...." G.S. 50-13.4(b). It seems clear from the findings and conclusions made by the trial judge that he calculated that defendant should have been paying from 10 March 1973 to 6 July 1976 the same amount per month as he will be required to pay in the future. Obviously, the trial judge did not arrive at the $8,000 figure by taking into consideration what plaintiff actually expended for the children's support for and in behalf of the defendant. While the amount that the defendant "should have paid" might very well be substantially the same as the amount of his liability to the plaintiff, we cannot assume so. Thus, that portion of the judgment decreeing that defendant is indebted to plaintiff in the amount of $8,000, and ordering him to pay $50.00 each month until such indebtedness is paid is not supported by the facts found, and must be vacated.

The result is: that portion of the judgment awarding plaintiff custody of the children, requiring defendant to pay future support in a specific amount, and ordering defendant to pay plaintiff's attorney's fees is affirmed; that portion of the judgment ordering defendant to pay $50.00 monthly until the indebtedness of $8,000 is paid, is vacated and the cause is remanded to the district court for a new trial on the single issue of what amount, if any, plaintiff is entitled to be reimbursed by defendant for sums expended by plaintiff in providing support for the two children after 10 March 1973, provided that the pleadings are properly amended to present this issue.

Affirmed in part.

Vacated and remanded in part.

Judges VAUGHN and CLARK concur.