IN THE MATTER OF LORI AND VICKI REGISTER

No. 805DC417

(Filed 7 October 1980)

1. **Parent and Child § 7; Divorce and Alimony §24.1– child support – mother's deliberate depression of income**

The court's finding that respondent mother is deliberately depressing her income and is failing to fulfill her earning capacity because of her disregard for her responsibility to provide reasonable support for her child by a previous marriage was supported by the evidence where respondent testified that she has had one year of college; she has not worked in seven years except for a two week period when she was separated from her second husband; she received pay of $160 for those two weeks; she is in good physical condition; and she does not work because she feels there would be nothing left after paying transportation costs and the cost of care for a child by her second marriage.

2. **Parent and Child § 7; Divorce and Alimony § 24– child support by both parents**

G.S. 50-13.4(b) does not require a finding that the father is unable to bear alone the burden of supporting a minor child prior to ordering support payments by the child's mother, and the statute authorized the court to order support of a minor child by both parents where the child was removed from the mother's home pursuant to a petition filed by the social services office alleging that she was abused, and the child remained in the custody of her grandparents upon order of the court when the mother resumed marital habitation with her second husband.

Judge WELLS dissenting.

APPEAL by respondent from *Burnett, Judge.* Order entered 12 December 1979 in Juvenile Court, NEW HANOVER County. Heard in the Court of Appeals 18 September 1980.

This action originally came before the court on a juvenile petition filed by the New Hanover County Department of Social Services alleging the two girls, Lori and Vicki Register, were abused children under N.C.G.S. 7A-278(4) [N.C.G.S. 7A-517(1) effective 1 January 1980]. Judge Burnett ordered on 12 September 1978 that the mother Carol Malpass retain custody of the minor children pursuant to a 1968 divorce decree from Kenneth Register, but that she apprise the court in the event of a reconciliation between her and Dudley Malpass before either child reached the age of eighteen. Upon a motion for review filed by the children's guardian ad litem, the court found as fact that Carol and Dudley Malpass had resumed marital cohabitation, and that "it would be in the best interests and welfare of the

child if custody of the child, Vicki Register, be in the maternal grandmother, Lucy Jordan, and her husband, the step-grandfather, Henry Jordan." The court thereupon ordered both Kenneth Register and Carol Malpass to pay $12.50 per week to Lucy and Henry Jordan for the maintenance and support of Vicki Register.

The matter was reviewed six months later by order of the court, where Carol Malpass objected to the court's order that she contribute to the support of her minor child, Vicki Register. The hearing was continued until 4 September 1979. Carol Malpass testified at the hearing that: she finished one year of college; had worked only two weeks of the past seven years; has no estate of her own; owns no property, savings account, stocks, bonds or other assets; has no income from any source; has a six-year-old child by her second marriage (to Dudley Malpass); and does not work because she feels her earnings would not cover the travel expense and child care costs.

The court found as fact that:

(1) Carol Malpass is the natural mother of Vicki Register, and the said Carol Malpass has completed one year of college. She is in good health and in good physical condition. Carol Malpass has not been employed in 1979 and has had no income from any source during 1979 and is deliberately depressing her income, and is failing to fulfill her earning capacity because of her disregard of her responsibility to provide reasonable support for her child. Carol Malpass worked temporarily in 1978 for a period of two weeks while temporarily separated from her present husband and earned during said two weeks the sum of $150. Other than that two weeks period of work, the said Carol Malpass has not been employed for more than seven years prior to this hearing. The said Carol Malpass has no savings accounts, stocks or bonds, and no income. She has a young child at home by her present marriage who is six years of age. She testified that the $12.50 per week which she had previously been sending for the support of said Vicki Register had been paid by her husband. Upon inquiry by the Court, the said Carol Malpass testified that she was not working now because she would have nothing left after buying gas and paying someone to look after her six-year-old child. When

Carol Malpass and her present husband, Dudley Malpass separated in the latter part of 1978, the two of them borrowed the sum of $15,000 on the marital home, which said $15,000 was paid to Carol Malpass by Dudley Malpass as a lump sum property settlement. Upon the resumption of those marital relations two weeks later, the said $15,000 was repaid by the said Carol Malpass to the lender who had originally loaned said sum to her and her husband. The said Carol Malpass is now living with her present husband following the reconciliation.

(2) Kenneth Register, the father of Vicki Register, is an able-bodied man, regularly and gainfully employed and earning approximately $         per month. Kenneth Register has agreed to pay for the support of Vicki Register the sum of $15 per week.

Based on the findings of fact above, the court concluded that Carol Malpass had the earning capacity to support her child and that the child needed $30 per week support. The court ordered on 12 December 1979 both Carol Malpass and Kenneth Register to contribute $15 each per week for the maintenance and support of Vicki Register. Carol Malpass appeals from this order of support.

*William G. Smith and Bruce H. Jackson, Jr., for respondent appellant.*

*Attorney General Edmisten, by Assistant Attorney General Henry H. Burgwyn, amicus curiae.*

ARNOLD, Judge.

Respondent Carol Malpass contends: first, that the evidence does not support Judge Burnett's finding of fact that she "is deliberately depressing her income, and is failing to fulfill her earning capacity because of her disregard for her responsibility to provide reasonable support for her child," and second, that the findings of fact fail to support the judge's conclusion that Ms. Malpass has the earning capacity to support her child. Finally, appellant argues that N.C.G.S. 50-13.4(b) which governs the support of minor children mandates Kenneth Register, the child's natural father, bear the entire burden of supporting Vicki.

**[1]**  Ms. Malpass stringently protests the judge's finding that she deliberately depressed her income, yet her own testimony provides evidence to support such a finding. She testified: she has a high school degree and one year of college; she has not worked in seven years except for a two week period when she was separated from Mr. Malpass; payment for the two weeks was approximately $160; she is in good physical condition; and she does not work because she feels there would be nothing left after paying for child care and transportation costs. While respondent attempted to explain why she does not work, her testimony does support the finding that she deliberately depressed her income. She is physically able to work and is as well or better educated than a major portion of the nation's work force.

Despite the recent influx of women in the work force, we recognize that Ms. Malpass has the absolute right to stay at home and care for her six-year-old child. However, she also has the legal and moral obligation to support her minor child.

**[2]**  Ms. Malpass asserts that N.C.G.S. 50-13.4(b) relieves her of this obligation by placing on the father the primary responsibility of support. The statute provides:

> (b) In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, in that order, for the support of a minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child. Upon proof of such circumstances the judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child, as may be appropriate in the particular case . . . .

The record in this case contains adequate "proof that the circumstances" warrant support by the mother in addition to the natural father. The child, Vicki, was removed from the home pursuant to a petition filed by the social services office alleging that she was abused. When Ms. Malpass decided to resume marital habitation with her second husband, the child re-

mained in the custody of her grandparents upon order of the court. Vicki continues to live with her grandparents.

The appellant argues that "other circumstances" in the statute should be limited to a showing that the father is unable to provide adequate support for the child based on his income and position in life. However, the statute itself states: "Such other circumstances may include, but shall not be limited to . . ." proof that the father cannot provide support. Appellant also cites multiple authorities for the proposition that she should not pay support under the statutory scheme. None of the cases cited involved a fact situation similar to the one at hand. *Hicks v. Hicks*, 34 N.C. App. 128, 237 S.E. 2d 307 (1977), cited by appellant, recognizes the mother's obligation to support her child. This Court stated that where the plaintiff-mother sought reimbursement for support expenses "The plaintiff is not entitled to be compensated for support for the children provided by others, nor is she entitled to be reimbursed for sums expended by her for the support of the children which represent her share of support as determined by the trial judge . . . ." *Id.* at 130.

N.C.G.S. 50-13.4(b) authorizes the judge to order support of a minor child by both parents under circumstances such as those in this case. Further, the statute does not require a finding by the trial court that the father is unable to bear the support burden alone prior to ordering payments by the child's mother.

The evidence supports the findings of fact and the findings logically lead to the conclusions by the trial judge. The decision of the trial judge is

Affirmed.

Judge ERWIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

I must respectfully dissent from the majority opinion for the reason that it has the effect of placing upon mothers a burden of support of minor children equal to that of fathers. In *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976), in *Wells v. Wells*, 227 N.C. 614, 44 S.E. 2d 31 (1947), and in many cases preceding *Wells*, see cases cited therein, our Supreme Court has

said again and again that fathers have the primary duty of support. In the case *sub judice,* the trial court made no effort toward fidelity to this principle of law: he simply found the mother equally responsible. This matter should be remanded with instructions for a determination as to the father's ability to meet his primary duty of support.