SARAH W. STANLEY v. LACEY GARDNER STANLEY, JR.

No. 8026DC627

(Filed 17 March 1981)

1. **Divorce and Alimony § 24.6– award of child support proper**
    There was no merit to defendant's contention that the trial court violated his constitutional rights by ordering him to pay $200.00 per month for the support of the parties' child, since (1) defendant abandoned his

Stanley v. Stanley

exception to the finding that the child had individual financial needs well in excess of the sum of $200.00 per month, and therefore had no exception on which to base his argument regarding the use of future child support payments to finance the private education of the child; (2) defendant did not present for the trial court's consideration his argument that the court, in considering the same evidence for both the past and future child support awards, violated his rights to due process and equal protection by awarding plaintiff $400.00 per month for the thirty-six months immediately preceding the suit and $200.00 per month in the future, and the trial court obviously based the two awards in question on different evidence; and (3) the trial court properly based its award of prospective child support on defendant's earning capacity rather than on his present ability to pay, as the court's findings indicated that defendant had displayed a continuous and intentional course of conduct designed to allow him to remain free of, ignore, and avoid his parental responsibilities.

2. **Divorce and Alimony § 24.6– child support – reimbursement of mother proper**

A mother is entitled to bring an action against the non-supporting father for reimbursement of sums expended in support of a minor child after the parties were divorced; therefore, the trial court properly awarded plaintiff $14,400.00 as reimbursement for expenditures by her during the three year period preceding her suit for child support, and evidence clearly supported the trial court's finding of fact that plaintiff had expended an amount in excess of $400.00 per month in support of the child during the three year period. G.S. 50-13.4.

3. **Divorce and Alimony § 24.6– child support – determination of father's fair share**

The trial court did not err in determining that the defendant father's fair share of child support for the three years immediately prior to suit was $400.00 per month, since defendant was employed during a part of the three years but unemployed and without any income during some of the time and the court was therefore forced to consider both defendant's ability to pay and his earning capacity in arriving at the amount of his share of the support; evidence was sufficient to support the court's finding that defendant had failed to exercise his earning capacity in disregard of his parental obligation to support his child; and the trial court could properly consider evidence that defendant moved often and went for long periods, sometimes years, without contacting the child or his ex-wife, thereby defeating her attempts to force him to support his child and preventing her from determining what his ability to pay was, and evidence that defendant, even during the time that he was earning substantial salaries, could have supported the child and chose not to do so.

APPEAL by defendant from *Jones, Judge.* Order entered 29 January 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 15 January 1981.

Plaintiff instituted this action on 8 October 1979 for reimbursement of amounts she had expended in the three years

immediately preceding the suit for support of the parties' fifteen-year-old daughter and for future payments of child support from defendant, her former husband. Plaintiff's evidence at trial tended to show that the parties were married on 30 November 1963 and were divorced 20 September 1965. The parties' child was born 23 September 1964, some months after the parties had separated.

Plaintiff was awarded custody of the child on the date of the divorce and had supported the child alone since her birth. Defendant had provided $70.00 for plaintiff's and the child's support after the parties had separated and prior to the child's birth and had refused to contribute any amount for maintenance of the child after her birth. Defendant's father had given plaintiff $200.00 to help pay expenses incurred at the child's birth. Plaintiff's numerous attempts to serve defendant with legal process over the years to obtain child support were unsuccessful because defendant had moved so often. She had allowed defendant to see the child whenever he had requested, though she would not allow the child to leave with him since she did not know where defendant lived.

After salary deductions, plaintiff earns $162.26 weekly as an office manager and has monthly expenditures for maintenance of the child of between $455.00 and $512.00. Plaintiff had expended approximately $465.00 monthly for the child's maintenance over the three-year period immediately prior to the suit. The child had been hospitalized for several long periods of time in 1979 and plaintiff had incurred medical expenses that year of between $420.00 and $456.00 which have not been reimbursed by insurance.

Defendant's evidence tended to show that he had paid $10.00 per week to plaintiff under a court order for the first two years of their child's life. He had made no child support payments since that time, although he had earned $800.00 monthly and $1,500.00 monthly at his last two jobs. Defendant is presently unemployed and has no income. His monthly living expenses are $988.40. He has been trying unsuccessfully to obtain employment as an airline or corporate pilot for the past year and a half. Defendant has never had any serious illness requiring hospitalization and has never been required to stay out of work for any length of time for health reasons.

Defendant had moved quite often and had been unaware of plaintiff's efforts to serve him with process over the past fifteen years. He had seen the child only six times since her birth. When he had told plaintiff in 1970 that he was not interested in their living together again, plaintiff had told him that she did not want anything from him and would never allow him to see the child. He had again requested visitation rights in 1977 and had offered to pay child support, but was told by plaintiff that she did not want the money and would not allow him to see the child.

After the trial, the judge made findings of fact which, except as quoted, are summarized as follows. Although defendant had provided modest sums for the child's support during the first two years of her life, he had provided nothing for her support since 1966 and, of necessity, plaintiff had been the sole provider of support and maintenance for the child since that time.

14. Defendant, for the three-year period preceding the initiation of this action, was an able-bodied man, and suffered no illness or infirmity which would have impaired or impeded his earning capacity or his ability to provide a reasonable sum for the support of the child.

15. Defendant, for the three-year period preceding the initiation of this action, was capable of earning substantial sums of money, and had the ability to provide ample support for the child.

The child had required extensive medical care on several occasions.

17. Thus, Plaintiff has incurred extraordinary medical expenses for the child, which expenses in 1979 totalled $4,474.93. A major portion of these medical expenses have been or should be covered by insurance; however, Plaintiff has incurred and will incur a great amount of uninsured medical and hospitalization expenses as a result of the illnesses of the child.

18. Plaintiff has expended for the support and for the needs of the child for the three-year period preceding the initiation of this action an amount in excess of $400.00 a month. Defendant's fair share of support for that period of time is $400.00 per month.

19. Defendant is presently an able-bodied man, capable of earning substantial amounts of money and Defendant has the ability to provide ample support for the child.

20. Defendant is temporarily unemployed and has been unemployed, except for brief periods, since July of 1978.

21. Defendant's training and expertise is as a commercial pilot. Defendant has been flying for over 20 years and had been a commercial pilot for almost 11 years.

22. Defendant's age may preclude him from being employed by a major airline as a pilot.

23. The last job which Defendant had as a commercial pilot paid him a gross salary of $1,500 per month.

24. Though Defendant might not be able to find employment paying this sum, Defendant does have the expertise, training and experience to find gainful employment.

25. Defendant has not make [sic] sufficient efforts to find employment and pay to Plaintiff a reasonable sum for the support of the child.

26. Defendant's failure to exercise sufficient effort to find employment and to exercise his earning capacity is and has been in disregard of his obligation to provide reasonable support for the child.

The child has individual financial needs in excess of $200.00 per month and defendant should be required to pay plaintiff a reasonable sum as support for the child. The plaintiff is fit and proper to have custody of the child and the defendant is fit and proper to have visitation privileges.

Based on these findings of fact, the trial judge concluded as a matter of law that plaintiff was entitled to reimbursement from defendant for his share of the support of the child during the three-year period immediately preceding the suit in the amount of $14,400.00 ($400.00 per month). The court also concluded that plaintiff was entitled to $200.00 per month as prospective child support for the child and that it was in the child's best interests for the plaintiff to have custody of her and for the defendant to have reasonable visitation privileges.

From a judgment and order to that effect, the defendant appealed.

*Farris, Mallard & Underwood by David B. Hamilton, for the plaintiff-appellee.*

*McConnell, Howard, Pruett & Toth by Rodney Shelton Toth, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

First, we note that defendant failed to set out and discuss his first and seventh assignments of error in his appellate brief, therefore, they are deemed abandoned. Rule 28(a), N.C. Rules App. Proc. In addition, defendant's brief is utterly void of argument or authority in support of his third assignment of error, therefore, it is also deemed abandoned. "App. R. 28(a) requires that a question be presented *and argued* in the brief in order to obtain appellate review." *Love v. Pressley,* 34 N.C. App. 503, 514, 239 S.E. 2d 574, 581 (1977), *rev. denied* 294 N.C. 441, 241 S.E. 2d 843 (1978).

Defendant's second assignment of error is that the trial court erred in denying defendant's Rule 12(b)(6) motion to dismiss plaintiff's complaint for failing to state a claim upon which relief could be granted.

A complaint is sufficient to withstand a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and the allegations contained therein are sufficient to give the defendant sufficient notice of the nature and basis of the plaintiff's claim to enable him to answer and prepare for trial. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970); *Bank v. McCarley & Co.,* 34 N.C. App. 689, 239 S.E. 2d 583 (1977). For purposes of the motion, the allegations of the complaint must be treated as true. *Presnell v. Pell,* 298 N.C. 715, 260 S.E. 2d 611 (1979). Measuring plaintiff's complaint by the foregoing rules, we find that the trial court did not err in denying defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted because the complaint clearly contains allegations of facts which, if true, would entitle plaintiff to the relief sought and does not contain any allegation which would act as an insurmountable bar to her recovery on

the claims alleged. Defendant's second assignment of error is therefore overruled.

[1] Defendant's sixth assignment of error reads as follows: "[t]he trial court [erred] and violated the Defendant's constitutional rights to due process of law and equal protection of the law by ordering the Defendant to pay Two Hundred Dollars ($200.00) per month to the support of the child based upon the findings of fact in the evidence." This assignment of error is based on 19 exceptions to the judge's findings of fact, on seven exceptions to the judge's conclusions of law and on an exception to the signing and entry of the order. Defendant presents three arguments in his brief regarding this assignment of error.

First, defendant argues that the award of future child support is erroneous because part of that award will be used to educate his child in a private school, an expenditure to which he has not consented. We note that although defendant excepted to the trial court's finding of fact that the child has individual financial needs well in excess of the sum of $200.00 per month, he failed to set out that exception in his brief, thereby abandoning it. Rule 28(b)(3), N.C. Rules App. Proc. Therefore he has no exception on which to base his argument regarding the use of future child support payments to finance the private education of the child.

Second, defendant argues that because the trial court considered the same evidence for both the past and future child support awards, it violated his rights to due process and equal protection by awarding plaintiff $400.00 per month for the thirty-six months immediately preceding the suit and $200.00 per month in the future. The record does not reflect that this constitutional argument, if, indeed, it is a constitutional question, was presented to or considered by the trial court. As a general rule, this Court will not pass upon a constitutional question not raised and considered in the court from which the appeal is taken. *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911, *cert. denied*, 287 N.C. 465, 215 S.E. 2d 623 (1975). Moreover, we fail to see any merit in defendant's argument on this point. The trial court obviously based the two awards in question on different evidence, as will be more fully discussed later.

Third, defendant argues that the court erroneously based its award on defendant's earning capacity rather than on his ability to pay. With regard to an award of prospective child support, as a general rule, the court should consider, among other things, the amount which the defendant is earning when the award is made. *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971). "To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife and children. *Conrad v. Conrad*, 252 N.C. 412, 113 S.E. 2d 912." *Robinson v. Robinson, supra*, at 468, 179 S.E. 2d at 147.

The trial court in the present case made such a finding of fact, finding number 26, as quoted previously. The evidence in the record clearly supports finding number 26 and findings numbers 19-25, also quoted previously. The record indicates that defendant has displayed a continuous and intentional course of conduct designed to allow him to remain free of, ignore, and avoid his parental responsibilities. After paying nominal sums to plaintiff for the child's support for two years, defendant has paid nothing for the child's support since 1966, despite the fact that defendant was employed during this period of time, earning as much as $1,500.00 per month. Moreover, defendant evidenced his intent to avoid his parental responsibilities by constantly changing places of residence and employment and by repeatedly failing to inform plaintiff of his address. In short, the record is replete with evidence supporting the trial court's finding that defendant was failing to exercise his earning capacity because of a disregard of his parental obligation to provide reasonable support for his child. Thus the trial court was correct in basing its award of prospective child support on defendant's earning capacity rather than on defendant's present ability to pay. As noted above, the defendant has abandoned his exception to the finding that the child has financial needs in excess of $200.00 per month which we note is also clearly supported by the evidence. All of these findings, in turn, support the trial court's conclusion that plaintiff is entitled to $200.00 per month from defendant for the support, maintenance, health, education and welfare of the child. Therefore we affirm the court's award as to prospective child support.

Defendant's fourth and fifth assignments of error attack the trial court's award of $14,400.00 to plaintiff as reimbursement for expenditures by her during the three-year period preceding the suit in support of the child. Defendant's fourth assignment of error reads as follows: "[t]he trial court erred and deprived the Defendant of his constitutional rights of due process of law and equal protection of the law by awarding the Plaintiff back support for three (3) years prior to the institution of the action based upon the evidence and findings of fact." We have discussed defendant's constitutional argument above and have found it to be without merit.

[2] It is clear that a mother is entitled to bring an action against the nonsupporting father for reimbursement of sums expended in support of a minor child after the parties were divorced. *Hicks v. Hicks*, 34 N.C. App. 128, 237 S.E. 2d 307 (1977). The father's liability in such a case is predicated upon N.C. Gen. Stat. § 50-13.4 which states in part:

> (a) Any parent, . . . having custody of a minor child, . . . may institute an action for the support of such child as hereinafter provided.

> (b) In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, . . . shall be liable, in that order, for the support of a minor child. . . .

As stated in *Tidwell v. Booker*, 290 N.C. 98, 115-6, 225 S.E. 2d 816, 826-7 (1976) and in *Hicks v. Hicks, supra* at 129-30, 237 S.E. at 308-9, this statute

> imposes upon the father the primary duty to support the child, the mother's obligation being secondary.

> .   .   .

> A party secondarily liable for the payment of an obligation, who is compelled by the default of the party primarily liable therefor to pay it, may, by action brought within the period of the applicable statute of limitations, compel the party primarily liable to reimburse him for such expenditure. (Citations omitted.)

"The measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the

defendant's share of support." *Hicks v. Hicks, supra* at 130, 237 S.E. 2d at 309. In the present case, the trial court found as fact that the amount plaintiff actually expended was in excess of $400.00 per month. Defendant's fifth assignment of error reads as follows:

> The trial court erred in awarding the Plaintiff a back award for child support based upon the findings of fact and the evidence that the Plaintiff had incurred extraordinary medical costs for the child and would incur a great amount of uninsured medical and hospitalization expenses without any evidence upon which to base the amount to be covered by insurance.

The record shows that plaintiff had not yet been fully reimbursed by insurance for certain medical expenditures in the child's behalf during the three-year period in question and therefore was unable to testify to the exact amount of her uninsured medical expenditures in the child's behalf. However, even excluding the medical expenses in question, the record clearly supports the trial court's finding of fact that plaintiff had expended an amount in excess of $400.00 per month in support of the child during the three-year period. Therefore, defendant's fifth assignment of error is overruled.

[3] Thus, the final question which confronts us on this appeal is whether the trial court erred in determining that the defendant's fair share of support for the three years immediately prior to suit was $400.00 per month.

N.C. Gen. Stat. § 50-13.4(c) states:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, *and other facts of the particular case.* (Emphasis added.)

This statute requires that in determining the defendant's share of support in an action for reimbursement, the court must consider, among other things, the ability of the defendant to pay during the time for which reimbursement is sought. *Hicks v. Hicks, supra.* However, just as when determining the defendant's liability for prospective child support, where the defend-

ant failed to exercise his earning capacity in disregard of his parental obligation to provide reasonable support for his child, the court should base an award for reimbursement of past child support on defendant's earning capacity during the time for which reimbursement is sought.

Defendant again argues that the trial court erred in considering his earning capacity during the three-year period rather than his ability to pay. The record shows that during some of the time for which reimbursement is sought, the defendant was employed and during some of that time, he was unemployed and without any income. Therefore, the court was forced to consider both defendant's ability to pay, i.e., his actual earnings, and his earning capacity in arriving at the amount of defendant's share of support for the three-year period in question. We find that with regard to the time that defendant was unemployed, the evidence and the trial court's findings of fact numbers 14, 15, 20, 21, 23 and 25, which are supported by the evidence, clearly support its finding that the defendant had failed to exercise his earning capacity in disregard of his parental obligation to support his child. With regard to the time that the defendant was employed, although the trial court's findings supporting his conclusion that the defendant had the ability to provide $400.00 per month in support of his child lack the degree of specificity which would be required in an action for prospective child support, they are adequate in this action for reimbursement due to the difficulty of proving what defendant's past income and living expenses were. He made no records of them available in response to plaintiff's discovery requests, except his income tax forms for 1978, and defendant's testimony on this issue was vague and somewhat confusing.

Moreover, N.C. Gen. Stat. § 15-13.4(c) clearly allows the trial court to consider "other facts of the particular case" in arriving at the amount of defendant's share of support in an action for reimbursement. Thus, while the defendant's ability to pay and his earning capacity are factors to be considered, they are not controlling. The court may also consider the conduct of the parties and the equities of the case. In this case, it would be inequitable to allow the defendant to prevail on his argument that the mother should have based her expectations for reimbursement solely on his ability to pay where the record clearly shows that he moved quite often and went for long periods,

sometimes years, without contacting the child or his ex-wife, thereby defeating her attempts to force him to support his child and preventing her from determining what his ability to pay was. In addition, defendant readily admitted that even during the times that he was earning substantial salaries, and therefore could have supported the child, he chose not to do so. A mother, who was forced, of necessity, to be the sole provider of support and maintenance for her child for fifteen years, should not be required to measure her expenditures in the child's behalf by guessing about the extent of the defaulting and absent father's ability to pay or earning capacity.

Thus, after carefully scrutinizing the evidence in the record concerning the action for reimbursement, we find that the evidence supports the trial court's findings of fact, that the findings, in turn, support the trial court's conclusions of law, and the conclusions of law support the order and judgment. Therefore we also affirm the trial court's award of $14,400.00 as reimbursement to plaintiff by defendant for expenditures made by her in support of the parties' minor child during the three-year period immediately prior to the institution of this action.

Affirmed.

Judges HEDRICK and CLARK concur.