CAROL DILLINGHAM (LATIMER) WARNER v. DAVID MANSFIELD LATIMER, JR.

No. 835DC648

(Filed 1 May 1984)

**1. Divorce and Alimony § 24.1— child support—reasonable needs—sufficient evidence**

The evidence supported the trial court's determination that $500 per month in child support from defendant father was required to meet the reasonable needs of the child where the record contained detailed testimony establishing the child's expenses and the net incomes, expenses and financial situations of both plaintiff mother and defendant father. G.S. 50-13.4(c).

**2. Divorce and Alimony § 24— back child support—lump sum award**

A lump sum award of back child support was proper where it was based upon the amounts actually expended on behalf of the child. G.S. 50-13.4(e).

**3. Divorce and Alimony § 27— child custody and support action—award of attorney fees**

The trial court's determination that plaintiff mother had insufficient means to defray the expense of a child custody and support action to entitle her to an award of attorney fees was supported by evidence of the net salaries of plaintiff and her new husband and their monthly expenses.

Warner v. Latimer

APPEAL by defendant from *Lambeth, Judge.* Judgment entered 26 January 1983 in District Court, NEW HANOVER County. Heard in the Court of Appeals 9 April 1984.

This appeal arises out of an action for custody and child support of a minor child, one of the parties' three children, brought by plaintiff wife. Plaintiff also sought an order that defendant husband be made liable for the child's medical expenses, and for attorney's fees. At the time this action was filed both parties had remarried and the parties' other two children were in the custody of the defendant.

The parties were married in December 1965 and divorced in September 1976, following a separation. Subsequent to the divorce, the three minor children resided at various times with their mother or their father. On or about December 1981, the eldest son, David, then fifteen years old, came to live with the plaintiff. From that date, the defendant paid $200 per month as his share of support and maintenance of the child. Plaintiff did not feel that $200 per month was an adequate share of support. She apparently attempted to get the defendant to increase his payments, without success. She then filed this action on 3 July 1982.

At the hearing, plaintiff presented evidence showing the monthly expenses needed to support the child, monthly living expenses for herself and her new husband, her gross income and net income, and the gross and net income of her husband. Defendant also presented evidence pertaining to the financial situation of himself and his new wife including his gross and net monthly income, monthly expenses for himself, the parties' two other children, defendant's wife, and her two children from a former marriage. Based on the evidence, the trial court entered its order awarding custody of David to the plaintiff, a lump sum of back child support in the amount of $2,100, periodic child support payments of $500 per month starting in February 1983 until the child reached his majority, attorney's fees in the amount of $1,500, and ordering that defendant was to be responsible for David's medical bills. From this order, defendant appeals.

*Goldberg & Anderson, by Frederick D. Anderson, for plaintiff appellee.*

*Shipman & Lea, by Gary K. Shipman, for defendant appellant.*

VAUGHN, Chief Judge.

[1]   Defendant first contends that the child support award did not contain findings of fact and conclusions of law supported by competent evidence demonstrating that the reasonable needs of the child as of the date of the hearing were $500 per month. We disagree.

G.S. 50-13.4(c), the controlling statute, provides:

Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

Our Supreme Court in *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980), clarified the proper application of the statute:

Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. . . . Evidence must support findings; findings must support conclusions; conclusions must support the judgment.

*Id.* at 712, 714, 268 S.E. 2d at 189, 190.

In addition to the factors enumerated in G.S. 50-13.4(c), the trial court may consider the conduct of the parties and the equities of a given case, *Stanley v. Stanley*, 51 N.C. App. 172, 275

S.E. 2d 546, *review denied,* 303 N.C. 182, 280 S.E. 2d 454, *appeal dismissed,* 454 U.S. 959, 70 L.Ed. 2d 374, 102 S.Ct. 496 (1981), and any other relevant facts in determining child support. *McCall v. McCall,* 61 N.C. App. 312, 300 S.E. 2d 591 (1983). *See also Beall v. Beall,* 290 N.C. 669, 674, 228 S.E. 2d 407, 410 (1976) ("It is a question of fairness and justice to all parties").

We note that this assignment of error is directed at the findings pertaining to the reasonable needs of the child, and not to the defendant's ability to pay. Our Supreme Court has stated that "[w]hat amount is reasonable for a child's support is to be determined with reference to the special circumstances of the particular parties." *Williams v. Williams,* 261 N.C. 48, 57, 134 S.E. 2d 227, 234 (1964). *See also Bethea v. Bethea,* 43 N.C. App. 372, 375, 258 S.E. 2d 796, 799 (1979), *review denied,* 299 N.C. 119, 261 S.E. 2d 922 (1980) (necessities include articles reasonably necessary for suitable maintenance of the child in view of the child's social station, customs of child's social circle and the fortune possessed by the child and by the child's parents). Furthermore, to determine the amount of support necessary to meet the reasonable needs of the child for health, education and maintenance, the court must make findings of specific facts as to what actual past expenditures have been. *Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978).

We here conclude that competent evidence supported the findings and conclusions set forth by the trial court. The record contains detailed testimony establishing the child's expenses, evidence of the net incomes, expenses, and financial situations generally of both plaintiff and defendant. *See McLeod v. McLeod,* 43 N.C. App. 66, 258 S.E. 2d 75, *review denied,* 298 N.C. 807, 261 S.E. 2d 920 (1979) (court justified award in that it enabled children to live as children of someone with supporting spouse's income are entitled to live; court also noted supporting spouse's income was "substantial" and dependent spouse's "limited").

Defendant argues that a budget apparently prepared by plaintiff documenting her living expenses and those of her husband and child, to which she referred during her testimony, was not introduced into evidence, and that therefore the order should be vacated. Plaintiff testified as to the contents of that budget,

and that provided sufficient competent evidence to support the findings of fact and conclusions of law.

Finally, we note that the amount of child support is in the discretion of the trial judge and may be disturbed only on a showing of abuse of that discretion. *Wyatt v. Wyatt,* 32 N.C. App. 162, 231 S.E. 2d 42 (1977), *aff'd,* 35 N.C. App. 650, 242 S.E. 2d 180 (1978). No such showing was made here. *Cf. Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976) (vacating child support portion of order where Supreme Court found that after making payments ordered by trial court, defendant would not be able to meet his own necessary expenses); *Evans v. Craddock,* 61 N.C. App. 438, 300 S.E. 2d 908 (1983) (findings and conclusions not supported by competent evidence where order misstated defendant's net monthly income and trial court relied in part on affidavit using an impermissible mathematical formula to calculate child's needs); *Hamilton v. Hamilton,* 57 N.C. App. 182, 290 S.E. 2d 780 (1983) (no abuse of discretion although this Court admitted it could not determine exactly how trial court arrived at figure for child's reasonable needs).

[2] Defendant next contends that the trial court's lump sum award of back child support was erroneous in that the court failed to base the award on amounts actually expended on behalf of the minor child. This assignment of error is bottomed on substantially the same argument as the preceding assignment; again, we find no error.

G.S. 50-13.4(e) provides, in pertinent part: "Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of any interest therein, or a security interest in or possession of real property, as the court may order." This Court has specifically held that the methods of payment listed in the statute are not mutually exclusive. *Moore v. Moore,* 35 N.C. App. 748, 751, 242 S.E. 2d 642, 644 (1978). Furthermore, not only may an action be brought to collect child support payments in arrears, *see, e.g., Griffith v. Griffith,* 38 N.C. App. 25, 247 S.E. 2d 30, *review denied,* 296 N.C. 106, 249 S.E. 2d 804 (1978), a claim for retroactive child support may be brought under the statute. *See Wood v. Wood,* 60 N.C. App. 178, 298 S.E. 2d 422 (1982). The $2,100 lump sum payment order by Judge Lambeth, in addition to

the monthly payments, represents retroactive child support. *Hicks v. Hicks*, 34 N.C. App. 128, 237 S.E. 2d 307 (1977) articulated the standard for vacating such lump sum awards. In *Hicks*, this Court vacated an award for retroactive child support where there was "no evidence or finding as to the actual amount expended by plaintiff for the support of the children for which she is entitled to reimbursement from defendant." *Id.* at 130, 237 S.E. 2d at 309. This is distinguishable from the instant case, where there was both evidence and findings on these matters. The analysis in *Hicks v. Hicks* applies here:

> What the defendant "should have paid" is not the measure of his liability to plaintiff. *The measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the defendant's share of support.* . . . In determining this amount the court must take into consideration the needs of the children and the ability of the defendant to pay during the time for which reimbursement is sought. . . . It seems clear from the findings and conclusions made by the trial judge that he calculated that defendant should have been paying . . . the same amount per month as he will be required to pay in the future. Obviously, the trial judge did not . . . [take] into consideration what plaintiff actually expended for the children's support for and in behalf of the defendant. *While the amount that the defendant "should have paid" might very well be substantially the same as the amount of his liability to the plaintiff, we cannot assume so.*

34 N.C. App. at 130, 237 S.E. 2d at 309 (citations omitted; emphasis added).

What the trial court failed to do in *Hicks* is precisely what Judge Lambeth did here; he assumed nothing and took into account amounts actually expended. As this Court recognized in *Hicks*, there will be occasions in which the amount of a defendant's actual past liability to a plaintiff will be equivalent to the amount of support that defendant should have paid. The facts before us present such a situation. The lump sum award of child support is therefore entirely proper.

[3]   Defendant lastly contends that $1,500 in attorney's fees were improperly awarded plaintiff. G.S. 50-13.6 allows counsel fees to be awarded in certain circumstances in actions for custody and

support of minor children. The text of the statute sets out four requirements to support such an award, namely: (1) that the party awarded fees be an interested party; (2) that that party be acting in good faith; (3) that that party have insufficient means to defray the expense of the suit; and (4) that the party ordered to furnish support have refused to provide adequate support under the circumstances existing at the time the action was instituted.

As G.S. 50-13.6 requires that awards of attorney's fees be reasonable, cases construing the statute have in effect annexed a fifth requirement concerning reasonableness onto the express statutory ones. Namely, the record must contain findings of fact upon which a determination of the requisite reasonableness can be based, for example, findings pertaining to the nature and scope of the legal services rendered and the skill and time required. *Austin v. Austin,* 12 N.C. App. 286, 296, 183 S.E. 2d 420, 427 (1971).

Defendant assigns error in the award of attorney's fees on the grounds that no evidence supported the finding and conclusion that plaintiff had insufficient means to defray the expense of this action. We therefore assume that the other statutory requirements to support an award of fees were met, and based on our review of the record, find evidence of the plaintiff's insufficient means to defray her expenses. In particular, the award is supported by evidence of the net salaries of plaintiff and her new husband and their monthly expenses. *See also Williams v. Williams,* 299 N.C. 174, 190, 261 S.E. 2d 849, 860 (1980) (construing related statute G.S. 50-16.3: "purpose of the allowance of counsel fees is to enable the dependent spouse, *as litigant,* to meet the supporting spouse, *as litigant,* on substantially even terms by . . . [enabling] the dependent spouse to employ adequate counsel"). *Cf. Nolan v. Nolan,* 20 N.C. App. 550, 202 S.E. 2d 344, *cert. denied,* 285 N.C. 234, 204 S.E. 2d 24 (1974) (evidence that plaintiff received $1,825 per month for alimony and support of the parties' three minor children would not have supported a finding of fact concerning her inability to defray the expenses of the action). A trial judge is permitted to exercise considerable discretion in allowing or disallowing attorney's fees in child custody or support cases, *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971), and we find no abuse of that discretion here.

Affirmed.

Judges BRASWELL and EAGLES concur.