SARA JO BUFF v. GLENN PAUL CARTER

No. 8520DC202

(Filed 16 July 1985)

**Parent and Child § 7.3; Divorce and Alimony § 24.9— support obligation—failure to make findings as to child's needs and parents' ability to pay**

The trial court erred by awarding plaintiff an arrearage in child support and medical expenses and prospective child support and medical expenses without the required specific findings as to the relative estates, earnings, conditions, and accustomed standard of living of the parents and the child. G.S. 50-13.4(c).

APPEAL by defendant from *Honeycutt, Judge*. Judgment entered 5 October 1984 in District Court, UNION County. Heard in the Court of Appeals 24 June 1985.

Plaintiff filed suit seeking child support from defendant whom she claimed was the father of her child. From a judgment awarding plaintiff child support, arrearages and expenses incidental to this suit, defendant appeals.

*Mary I. Murrill for plaintiff appellee.*

*Charles D. Humphries for defendant appellant.*

ARNOLD, Judge.

The dispositive issue in this appeal is whether the trial court made findings of fact sufficient to support its judgment ordering defendant to pay prospective child support and arrearages. We hold that it did not.

In *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980), our Supreme Court set out what conclusions of law and findings of fact a trial judge must make in order to warrant an order compelling a party to share in the financial responsibility of child support. Applying G.S. 50-13.4(c), the court stated that:

> [A]n order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents.

*Coble*, 300 N.C. at 712, 268 S.E. 2d at 189; *see also Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 469 (1978).

The trial court must make specific factual findings to support not only an award of future support but also to support an award of reimbursement for past support of the child, *see Hicks v. Hicks*, 34 N.C. App. 128, 130, 237 S.E. 2d 307, 309 (1977). When a trial court is faced with calculating a retroactive child support award, it must consider, among other things, whether what was actually expended was "reasonably necessary" for the child's support, *Tidwell v. Booker*, 290 N.C. 98, 116, 225 S.E. 2d 816, 827, and the defendant's ability to pay during the time for which reimbursement is sought, *Hicks*, 34 N.C. App. at 130, 237 S.E. 2d at 309; *Stanley v. Stanley*, 51 N.C. App. 172, 181-83, 275 S.E. 2d 546, 552-53, *disc. rev. denied* 303 N.C. 182, 280 S.E. 2d 454 (1981).

In the present case, the trial judge awarded plaintiff an "arrearage in child support and medical expenses" of $8,500. Further, the trial judge awarded prospective child support of $225 per month plus medical insurance coverage and the payment of fifty percent of medical and dental expenses incurred by the child, which are not reimbursable by insurance.

In support of this award the trial judge made the following factual findings (in pertinent part):

> VI. That the Defendant is an able-bodied person, capable of employment and being employed, who has had a continual

obligation to support his minor child and who has willfully failed and refused to do so to date, his arrearage in child support and medical expenses being $8,500.00.

VII. That the minor child is a healthy, normal child and, at the present time, the child has needs, which the Court finds as reasonable, of in excess of $500.00 per month.

VIII. That both Plaintiff and Defendant are primarily liable for the support of the child and at the present time, with the Plaintiff being the custodial parent, a fair and reasonable sum for the Defendant to pay for the health and maintenance of the child, having due regard to the circumstances of the parties and the child as required by G.S. 50-13.3 [sic] (b) and (c), is $225.00, plus medical insurance coverage and the payment of fifty percent (50%) of all medical and dental expenses incurred for the benefit of the minor child which are not reimbursable by the medical insurance maintained for this purpose, and the Defendant has the means to pay said sums.

The trial judge has clearly failed to make the specific findings as to relative estates, earnings, conditions, and accustomed standard of living of the parents and the child required to support its award of reimbursement and of prospective child support.

Defendant objects to the trial judge's requirement that he pay the lump sum of $8,500 plus incidental expenses (totalling $9,325.50) within sixty days of the entry of the order. Defendant argues that his financial statement shows that he is unable to pay this amount within so short a time. Since we have remanded for new findings supporting the child support order, and since the lump sum and monthly amount may, as a result, be adjusted, we see no need at this time to address this contention. We note, however, that under G.S. 50-13.4(e) the trial judge has broad discretion in determining the manner of payment, and his order will be upheld unless there is an abuse of discretion. *See Moore v. Moore*, 35 N.C. App. 748, 751, 242 S.E. 2d 642, 644 (1978); Lee, 3 North Carolina Family Law § 229 (4th ed. 1981).

We note also that the judge's order calls an "arrearage" the amount of past child support and medical expenses that defendant has failed to pay. This implies that at some time in the past an

order for support was entered and that defendant is "in arrears" in payments under it. Plaintiff's suit is technically not one for payments in arrears under an order already entered; it seeks for the first time an order for reimbursement of defendant's share of reasonably necessary expenditures made in the past for support of the child.

Vacated and remanded.

Chief Judge HEDRICK and Judge PARKER concur.