JEAN SELLARS RAWLS v. GEORGE WHITFIELD RAWLS

No. 885DC1366

(Filed 18 July 1989)

1. **Divorce and Alimony § 24.9— child support—sums expended on home—findings sufficient**

   The evidence was sufficient in an action for child support and equitable distribution to support the trial court's finding regarding the child's total reasonable expenses, including sums expended on the home.

2. **Divorce and Alimony § 24.9— child support—findings regarding father's monthly expenses—sufficient**

   The trial court in a child support and equitable distribution action made sufficient findings and the findings were supported by the evidence presented at the hearing where defendant was the non-custodial parent, the court found that defendant's expenses were $52.00 per month, that any expenses in excess of that amount were provided by his mother and brother, and defendant's evidence did not contradict that finding.

3. **Divorce and Alimony § 24.1— child support—amount—no abuse of discretion**

   The trial court did not abuse its discretion in an action for child support and equitable distribution by requiring defendant to pay an excessive amount of child support where, although the order required defendant to expend a rather large percentage of his stated weekly income for the support and maintenance of his son, the trial court found that defendant had been paying $100.00 per week voluntarily for several months prior to the hearing and had testified that he would continue to do so. Moreover, the court made extensive findings regarding the child's needs and his parents' estates and earnings, including defendant's job skills and improving educational qualifications, and the resulting order for current child support does not require that defendant exhaust his savings.

4. **Divorce and Alimony § 24.1— child support—reimbursement for past support—no error**

   The trial court did not err in an action for child support and equitable distribution by allowing plaintiff to recover $15,100.00 from defendant in reimbursement of past child sup-

port where the court specifically found that, prior to filing this action, plaintiff had expended at least $400.00 per month for the support of the parties' child and that defendant had the capacity to pay one-half of this amount toward the child's support during this time.

**5. Divorce and Alimony § 30— equitable distribution—marital debt—insufficient findings**

An equitable distribution action was remanded for further factual findings where the parties had incurred a debt jointly and it was impossible from the court's findings to determine whether the debt was a marital debt. N.C.G.S. § 50-20(e) (1987).

**6. Divorce and Alimony § 25.12— child custody—determination of visitation—order to consult psychologist**

The trial court did not abuse its discretion in an action for child support by ordering defendant to consult a psychologist or psychiatrist before the award of specific visitation rights where the court found that defendant's contact with his minor child had been minimal and, although defendant was fit and proper to have visitation rights, consultation by plaintiff and defendant with a third-party professional could benefit the court in awarding specific visitation rights. N.C.G.S. § 50-13.2(b) (1987).

APPEAL by defendant from *Morris-Goodson, Jacqueline, Judge.* Order entered 11 July 1988 in NEW HANOVER County District Court. Heard in the Court of Appeals 17 May 1989.

This appeal arises from an order of child support and equitable distribution. The trial court found that plaintiff and defendant were married on or about 21 July 1979 and separated on or about 1 August 1981. Plaintiff was awarded an absolute divorce from defendant on 3 April 1987. The parties had one child, who was born 12 November 1980.

The court further found that plaintiff and defendant secured a loan from Cooperative Savings & Loan Association to provide money for defendant's separate property, a farm supply store and farming operation. Plaintiff pledged her own residence, which she had owned for approximately nine years prior to her marriage to defendant and which the court determined was separate property, as collateral to secure the loan. The parties' child was born

shortly after they secured this loan, and they separated less than a year thereafter.

Following the separation defendant made all payments due under the note until June 1983, but made payments sporadically during 1984 and made no payments after March 1985. The court found that in order to prevent foreclosure on her primary residence, plaintiff made approximately thirty-seven payments on the note as of the time of the hearing. Since March 1985 she had paid approximately $23,000.00 on the note but its balance at the time of the hearing was $48,738.04.

The court also found that plaintiff paid at least $400.00 per month prior to filing this action for the support and maintenance of the parties' child, and that this sum was reasonable. It further found that defendant had the estate and earning capacity at the time to pay at least one-half of those costs. In 1986 plaintiff received from defendant $50.00 for the support of their child; in 1987 she received $900.00, and from January 1988 until the date of the hearing she received $750.00.

Regarding the child's current expenses, the court found that total reasonable monthly expenses on his behalf were $785.00 per month. Plaintiff's gross income prior to withdrawing from her employment in 1987 was approximately $26,000.00 per year, but she was diagnosed with Hodgkins Disease in April 1987 and was subsequently unable to work. At the time of the hearing she received $917.00 per month in benefits. Defendant was a vice-president at Production Credit Association for some years and was skillful in accounting, the court found, but he currently attended school and worked for his brother driving a truck, earning approximately $132.00 per week. He lived with his mother at the time of the hearing and incurred living expenses of $52.00 per month. Prior to the hearing he was sending plaintiff $100.00 per week in child support, and he stated that he could currently pay that amount. The court found that he had interest in properties, education, training, and background sufficient to permit him to contribute to his child's support and maintenance.

The trial court ordered that defendant pay $100.00 per week in current child support, and $15,100.00 in reimbursement for past child support. It further ordered that defendant pay $43,812.21 to plaintiff as compensation for the depletion of her separate property for the benefit of his separate property. It awarded custody

of the child to plaintiff and ordered the parties to consult with a psychologist or a psychiatrist prior to its determining defendant's specific visitation rights.

*James L. Nelson for plaintiff-appellee.*

*Larrick & Mason, by James K. Larrick, for defendant-appellant.*

WELLS, Judge.

## I. CHILD SUPPORT

Defendant first assigns error to the trial court's order that he pay $100.00 per week in child support. In determining the amount of support necessary for a minor child the trial court must consider specific factors and circumstances; child support payments shall be sufficient "to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(c) (1987).

The trial court's findings on these issues must be sufficiently detailed to support its conclusions of law. This specificity enables appellate tribunals to examine the court's findings to determine whether they support its order; appellate courts do not make factual findings but rather review the trial court's conclusions of law to decide whether they are amply supported by the facts as found. *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985); *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E. 2d 581 (1986).

> With respect to an order for child support, the factual findings must be sufficiently specific to enable the appellate court to determine that the trial court "took 'due regard' of the particular 'estates, earnings, conditions [and], accustomed standard of living' of both the child and the parents" in determining "(1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount."

*Boyd, supra (quoting Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980) ).

[1] Defendant contends that the trial court erred in its findings of fact with respect to the child's support needs by including

sums expended on behalf of plaintiff's home as a whole. We do not believe that the evidence supports this assertion. During plaintiff's testimony regarding her computation of the child's living expenses the following discussions took place:

THE COURT: Are those expenses for your child alone?

A. Yes.

THE COURT: It's not including yours for anything, just the child, you need $290.

A. Right. For instance, for food, that was just his food, not total food there.

. . .

CROSS EXAMINATION (By Mr. Larrick)

Q. Mrs. Rawls, the figures you just went through starting $150 for electricity, $36 for phone, $10 for trash. And you talked about insurance on the house and you said that was part of the utility bill. What do you mean by that? Do you understand what I am asking you about? What you just testified to.

A. Actually I cut myself out $200. It should be $400.

We believe that this evidence supports the trial court's finding regarding the child's total reasonable expenses.

[2] Defendant also contends that the trial court failed to make sufficient factual findings regarding his monthly expenses. In determining the proper amount of child support payments the trial court must make findings regarding the non-custodial parent's living expenses. *Plott, supra.* The court found that defendant's expenses are $52.00 per month, and that any expenses in excess of this amount are provided for by his mother and brother. Defendant's evidence did not contradict this finding. We hold that the trial court made the required findings and that they were supported by the evidence presented at the hearing.

[3] Defendant next contends that the trial court abused its discretion by requiring him to pay an excessive amount of child support. Although the order requires him to expend a rather large percentage of his stated weekly income for the support and maintenance of his son, we note that the trial court found that defendant

RAWLS v. RAWLS

[94 N.C. App. 670 (1989)]

had been paying $100.00 per week voluntarily for several months prior to the hearing and testified that he would continue to do so. This finding is supported by the evidence and is relevant to the trial court's inquiry, as a fact "of the particular case." N.C. Gen. Stat. § 50-13.4(c) (1987). We emphasize, however, that the primary inquiry is always the child's reasonable needs rather than the parties' abilities to pay. *Warner v. Latimer*, 68 N.C. App. 170, 314 S.E. 2d 789 (1984). The court made extensive findings regarding the child's needs and his parents' estates and earnings, including its findings regarding defendant's job skills and improving educational qualifications. Its resulting order for current child support does not require that defendant exhaust his savings, but appears to be fair and reasonable as to all parties. *See Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). We overrule this assignment of error.

[4] Defendant next assigns error to the trial court's order that plaintiff recover $15,100.00 from him in reimbursement of past child support. This sum reflects credits awarded to defendant for the amounts previously contributed to plaintiff for the child's support. Retroactive child support payments are recoverable for amounts actually expended on the child's behalf; *"[t]he measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the defendant's share of support. . . ."* *Warner, supra* (emphasis retained) (*quoting Hicks v. Hicks*, 34 N.C. App. 128, 237 S.E. 2d 307 (1977)).

The trial court specifically found that prior to filing this action plaintiff expended at least $400.00 per month for the support of the parties' child. It also found that defendant had the capacity to pay one-half of this amount toward the child's support during this time. *See Buff v. Carter*, 76 N.C. App. 145, 331 S.E. 2d 705 (1985) (trial court must consider defendant's ability to pay during the time for which reimbursement for child support is sought). In light of these findings, which are supported by the evidence and thus are binding on appeal, we hold that the trial court correctly awarded plaintiff reimbursement for past child support. We overrule this assignment of error.

II. EQUITABLE DISTRIBUTION

[5] Defendant next assigns error to the trial court for ordering that plaintiff recover $43,812.21 "in equity" for the depletion of her separate estate for the benefit of defendant's separate estate.

The court found that the parties had acquired no marital property, and therefore concluded that there was no "estate to be adjusted pursuant to [N.C. Gen. Stat. §] 50-20(c) [1987]." In reaching this conclusion the trial court neglected, however, to consider the debts incurred by the parties during their marriage.

"Debt, as well as assets, must be classified as marital or separate property." *Byrd v. Owens*, 86 N.C. App. 418, 358 S.E. 2d 102 (1987). In effectuating an equitable distribution the trial court must consider the parties' debts. *Geer v. Geer*, 84 N.C. App. 471, 353 S.E. 2d 427 (1987); N.C. Gen. Stat. § 50-20(c)(1) (1987). If it finds that a particular debt is marital, that is, "a debt incurred during the marriage for the joint benefit of the parties," it possesses discretion to equitably apportion or distribute the debt between the parties. *Geer, supra.*

The parties in this case incurred the debt jointly. In its limited factual findings on this issue, the trial court found that "the savings and loan made [a loan] to defendant for the purpose of enhancing and/or maintaining the defendant's separate property . . . ." It made few findings, however, concerning the actual use of the loan proceeds: the court discussing defendant's use of only $5,000.00 out of the total amount borrowed of $50,400.00. It is impossible from these incomplete findings to determine whether the debt was a marital debt, *i.e.*, one incurred for the joint benefit of the parties. Because of the trial court's failure to make the findings necessary to properly establish the classification of the debt, in accordance with the authorities cited above, we reverse and remand the cause for further factual findings on this issue and for an appropriate order based on such findings. Such order may include a requirement that defendant reimburse plaintiff for such portion of the marital debt as the court finds equitable. *See* N.C. Gen. Stat. § 50-20(e) (1987).

### III. CUSTODY AND VISITATION

[6] In his final assignment of error defendant challenges the trial court's authority to order him to consult with a psychologist or psychiatrist before awarding specific visitation rights. Visitation rights orders, along with other matters related to child custody, are governed by the standard of "promot[ing] the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2(b) (1987). The trial court had wide discretion to protect the child's best interests and welfare. *Craig v. Kelley*, 89 N.C. App. 458, 366 S.E. 2d 249 (1988).

The trial court found that defendant's contact with his minor child had been minimal, and although he was fit and proper to have visitation rights, consultation with plaintiff and defendant by a third-party professional could benefit the court in awarding specific visitation rights. The court's factual findings support its order, and we perceive no abuse of discretion. We overrule this assignment of error.

Affirmed in part, reversed in part and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.