McClendon v. Clinard

---

THEODORE McCLENDON AND RACHEL McCLENDON v. DAVID ELWOOD CLINARD, JR. DEFENDANT & THIRD PARTY PLAINTIFF v. GEORGE CARDWELL, D/B/A CARDWELL ELECTRIC COMPANY

No. 7721DC1008

(Filed 17 October 1978)

**Judges § 5— motion to set aside judgment—refusal of judge to disqualify himself—error**

The trial judge erred in not disqualifying himself from ruling on plaintiffs' motion to set aside judgment against them on the ground of excusable neglect where the court dismissed plaintiffs' action with prejudice because neither they nor their attorney was present when their case was called; in the affidavits filed with plaintiffs' motion to set aside, it was revealed that plaintiffs' attorney, on the same day the case was called and dismissed, had lunched

with a venireman serving jury duty that week; the judge called the president of the county bar association into open court, informed him of the attorney's behavior and asked him to investigate the matter; the judge notified a newspaper reporter that he should be present in the courtroom that afternoon; the reporter's story appeared in the next morning's paper; and the judge granted an interview to another reporter and made statements relative to the incident which appeared in a second article.

APPEAL by plaintiffs from *Keiger, Judge*. Order entered 20 October 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 19 September 1978.

Plaintiffs brought this action against defendant Clinard, their landlord, seeking to recover damages for property destroyed in a fire, allegedly resulting from the landlord's negligent maintenance of the electrical circuitry in their apartment. Defendant Clinard, asserting a cause of action for indemnification, brought in third party defendant Cardwell, an electrician who had recently done maintenance on the electrical circuitry of plaintiffs' apartment. The case came on for trial during the week of 29 August 1977 before Judge R. Kason Keiger. It was on the court's calendar as the sixth case for trial.

At noon Wednesday, 31 August 1977, plaintiffs' attorney was informed that the jury had just been impaneled in the fourth case on the calendar. Plaintiffs' attorney then left for lunch. At 12:18 p.m. the assistant clerk of court called the office of plaintiffs' attorney and left a message requesting that the attorney call the clerk's office "re: Theodore McClendon case." For unexplained reasons, the message was not received by plaintiffs' attorney until 2:30 p.m. Upon returning from lunch, plaintiffs' counsel was notified at 2:15 p.m. that the case had been called at 2:00 p.m. and that Judge Keiger had dismissed it with prejudice because neither the plaintiffs nor their counsel had been present when the case was called.

On 9 September 1977, plaintiffs moved with supporting affidavits to have the judgment set aside under N.C.R. Civ. P. 60(b) (1) and (6) on grounds of excusable neglect. In the affidavits filed with the motion, it was revealed that plaintiffs' attorney, on the same day the plaintiffs' case was called and dismissed, had lunched with a venireman serving jury duty that week in district court.

On 14 September 1977, Judge Keiger called the President of the Forsyth County Bar Association into open court and informed him of the attorney's contact with the venireman and requested that he investigate the matter. Judge Keiger also, in effect, notified a newspaper reporter that he should be present in the courtroom that afternoon. The reporter covered the incident, and his story appeared the next morning in the *Winston-Salem Journal.* On that same morning, Judge Keiger also granted an interview to another reporter and made statements relative to the incident, which appeared in a second article. On 30 September 1977, plaintiffs made a motion, based on the statements made to the press, to have Judge Keiger recuse himself from hearing plaintiffs' motion to set aside the judgment. Plaintiffs' motion alleged the statements to the press indicated Judge Keiger had prejudged the merits of their motion to set aside the judgment. On 13 October 1977, a hearing was held before Judge Keiger on plaintiffs' motion to recuse and to set aside the judgment. At the hearing, the judge considered the pleadings, the affidavits of plaintiffs' attorney Paul Sinal, the attorney's secretary, and the venireman, Robert V. Ford, Jr., the newspaper articles, and the testimony of the two newspaper reporters who had written the articles. After hearing and considering this evidence, the court denied both the motion to recuse and the motion to set aside the judgment. Plaintiffs gave notice of appeal.

*Legal Aid Society of Northwest North Carolina, by Bertram Ervin Brown II and Paul Sinal for plaintiffs.*

*Deal, Hutchins & Minor, by Richard Tyndall and Richard D. Ramsey for defendant and third-party plaintiff.*

*Hudson, Petree, Stockton, Stockton, and Robinson, by Jackson N. Steele for third-party defendant.*

BROCK, Chief Judge.

Plaintiffs, in their first assignment of error, contend that the trial judge erred as a matter of law in denying plaintiffs' motion to recuse. We think disposition of this case is governed by *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). In that case the defendant made a motion to recuse, alleging personal bias and prejudice arising from an unfriendly ter-

mination of attorney-client relationship between the trial judge and defendant's family and a favorable disposition on the part of the judge towards the plaintiff. The Supreme Court declined to consider the merits of defendant's contention that the trial judge erred in failing to recuse himself. Instead, the Court held that "when the trial judge found sufficient force in the allegations contained in defendant's motion to proceed to find facts, he should have either disqualified himself or referred the matter to another judge before whom he could have filed affidavits in reply or sought permission to give oral testimony." *Bank v. Gillespie, supra*, at 311, 230 S.E. 2d at 380.

This case is distinguishable from *Bank v. Gillespie, supra*, in that the basis of the motion to recuse in this instance was prejudgment of the merits of defendant's motion rather than personal bias. However, the two cases are basically similar in that the respective motions raised serious questions about the impartiality of the trial judge. We think the trial judge in this instance should have either disqualified himself from ruling on the plaintiffs' motion to set aside the judgment or referred the motion to recuse to another judge for consideration and disposition. Canon 3(c)(1) of the Code of Judicial Conduct directs that, "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . ." We think that where a motion to recuse of this nature is made, a reasonable man knowing all the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner.

We think it would unduly prolong the course of this litigation if we merely vacated the order denying the motion to recuse and remanded for referral of that motion to another judge. Therefore, we reverse the court's denial of the motion to recuse and hold that the judge committed error by not disqualifying himself in this instance. We also vacate the court's order denying the motion to set aside the judgment for excusable neglect and remand the case for consideration of that motion by another District Court Judge of Forsyth County.

We agree with Judge Keiger's concern that counsel lunched with one of the members of the jury venire. This very juror may have been called to serve for the trial of the case in which counsel was to appear. We also agree with Judge Keiger that the presi-

dent of the local bar should have been advised of counsel's conduct. We think Judge Keiger may have gone further and advised the grievance committee of the North Carolina State Bar in order that it might investigate the matter. However, counsel's conduct does not mitigate what we consider to be erroneous conduct by the trial judge in proceeding to pass upon counsel's motion to set aside the order dismissing his client's case with prejudice. The correctness or incorrectness of the trial judge's ruling on the motion to set aside is not decided. We decide only that under the circumstances Judge Keiger should have disqualified himself to pass upon the motion to set aside.

Reversed and remanded.

Judges CLARK and MARTIN (Harry C.) concur.