LOIS E. KOUFMAN v. JAMES A. KOUFMAN

No. 8921DC105

(Filed 6 February 1990)

1. **Appeal and Error §§ 24, 45 (NCI3d)— appellate rules—appeal heard in interest of justice**

   Plaintiff in a domestic action complied with Rule 10(c) of the North Carolina Rules of Appellate Procedure (effective for judgments entered prior to 1 July 1989), and, although plaintiff did not entirely comply with Rule 28, the Court of Appeals disposed of the appeal on its merits in the interest of preventing manifest injustice.

   **Am Jur 2d, Appeal and Error § 235.**

2. **Divorce and Alimony § 24.4 (NCI3d)— child support—motion for contempt—denied—no error**

   The trial court in a child support action did not err by holding that defendant was not in contempt where the court's findings supported its conclusion of law and the findings were supported by competent evidence in that plaintiff's contentions arising from the enrollment of their son in a private boarding school essentially pointed out the conflict between her testimony and defendant's testimony, and defendant testified and the court found that he had reduced his child support payments in reliance upon a memorandum of judgment executed by the parties.

   **Am Jur 2d, Divorce and Separation § 1071.**

3. **Divorce and Alimony § 24.9 (NCI3d)— child support—findings as to children's expenses—insufficient**

   The trial court erred in a child support action by making a finding as to the children's expenses where plaintiff had submitted only an affidavit of expenses dated August 1988 and there were no affidavits in the record for the earlier period from October of 1986 when the original support order was signed. Moreover, there was no basis for the conclusion that certain of plaintiff's home and automobile maintenance costs would decrease because one child was not present in

the home; fixed and indivisible costs of maintaining a home do not decrease proportionally when a child is not present.

**Am Jur 2d, Divorce and Separation §§ 1082, 1083.**

4. **Judges § 5 (NCI3d) — child support — motion for recusal denied — motion for another judge to hear recusal denied**

The trial judge in a child support action did not err by failing to recuse himself from further hearings in the action or by failing to have the recusal motion heard by another judge where plaintiff did not allege personal bias and the remarks in chambers which allegedly indicated prejudging of the case occurred after some evidence had been heard.

**Am Jur 2d, Judges §§ 170, 217.**

Judge GREENE concurring in part and dissenting in part.

APPEAL by plaintiff from order entered 1 September 1988 by *Judge R. Kason Keiger* in FORSYTH County District Court. Heard in the Court of Appeals 13 September 1989.

Plaintiff appeals in this civil action from the trial court's denial of her motion to hold defendant in contempt for his alleged failure to pay child support. She also appeals the trial court's granting of defendant's motion to reduce child support payments.

*White and Crumpler, by G. Edgar Parker and Christopher L. Beal, for plaintiff-appellant.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Clifton R. Long, Jr., for defendant-appellee.*

JOHNSON, Judge.

Plaintiff instituted this action on 6 February 1986 by the filing of a complaint in which she sought custody of her two minor children, child support, alimony, equitable distribution, divorce from bed and board, and attorney's fees. Defendant filed responsive pleadings, and on 24 October 1986, a consent order was signed and entered in district court. The order provided, *inter alia*, the following: (1) that the parties share custody of the minor children equally with plaintiff being considered primary custodian; and (2) that defendant pay $3,333.33 per month child support, for a total of $40,000 per year.

KOUFMAN v. KOUFMAN

[97 N.C. App. 227 (1990)]

On 22 October 1987, plaintiff filed a motion for defendant to appear and show cause why he should not be held in contempt for violating the terms of the 1986 consent order. At the time the motion was filed, defendant was in arrears $288.17 on the October 1987 payment. A show cause order was signed, defendant responded and filed a countermotion to reduce child support payments based on a material change in circumstances.

After a hearing on both motions before the Honorable R. Kason Keiger on 8 February 1988, the parties executed a memorandum of judgment which provided, *inter alia*, that defendant's child support be reduced to $1,000 per month per child; that defendant pay all private school expenses of the children; and that defendant be given credit on child support payments for any private school expenses which exceed $18,000 per year. The document was not signed by Judge Keiger nor filed in the court file.

Upon plaintiff's refusal to sign the consent order drafted pursuant to the memorandum of judgment, defendant moved that the court conduct a hearing and issue an order making the memorandum of judgment an order of the court. Plaintiff responded that the memorandum was unenforceable, and that she had signed it under duress and coercion. She also moved that Judge Keiger recuse and disqualify himself in this matter based on his actions at the 8 February 1988 hearing. Judge Keiger denied this motion in an order entered 17 May 1988.

After a full hearing on 24 August 1988, Judge Keiger held that defendant was not in contempt of court and was in full compliance with all orders of the court. The court also reduced defendant's child support to $1,700 per month, ordered defendant to pay the private school expenses of both children, and ordered defendant to maintain medical and dental insurance on the children and to pay all reasonable medical expenses not covered by the insurance.

Plaintiff appealed to this Court in apt time.

[1] Before turning to the merits of plaintiff's appeal we address defendant's motion that plaintiff's appeal should be dismissed for her failure to state plainly, concisely and without argument the legal basis upon which error is assigned pursuant to Rule 10(c)(1) of the N.C. Rules of Appellate Procedure. (Rule 10(c)(1) is a new rule applicable only to appeals of judgments of the trial division entered on or after 1 July 1989. It is not applicable to this case.

We assume appellee intended to refer to Rule 10(c) which is effective for judgments entered prior to 1 July 1989.) We find that plaintiff has sufficiently complied with this rule and defendant's argument is without merit.

Defendant also urges that plaintiff's appeal be dismissed for failure to comply with Rule 28(b)(3) and (4) of the N.C. Rules of Appellate Procedure which requires a concise statement of procedural history and a complete, non-argumentative summary of the facts. Plaintiff failed to comply with this rule by combining the statement of procedural history with the factual summary. Plaintiff also almost entirely failed to make reference to pages in the record on appeal as required by Rule 28(b)(4). (In response to defendant's motion, plaintiff has supplied the Court with a statement of facts to which page references have been added.)

Although plaintiff has not entirely complied with Rule 28, in the interest of preventing manifest injustice, we deem it appropriate to dispose of this appeal on its merits, pursuant to Rule 2 of the N.C. Rules of Appellate Procedure. *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 330 S.E.2d 645 (1985). Accordingly, defendant's motion to dismiss is denied.

[2] By her first two Assignments of Error, plaintiff contends that the trial court erred in holding that defendant was not in contempt of court and in making findings of fact and conclusions of law supporting that holding. We find no error.

Our review of contempt proceedings is confined to whether there is competent evidence to support the findings of fact and whether those findings support the judgment. *McMiller v. McMiller*, 77 N.C. App. 808, 336 S.E.2d 134 (1985); *Cox v. Cox*, 10 N.C. App. 476, 179 S.E.2d 194 (1971). The 24 October 1986 order provided that any amount over $10,000 per year paid by defendant for private school expenses was to be shared equally by the parties. It also stated that the parties contemplated that their children would continue to attend private schools. Defendant testified that plaintiff did not object to enrolling their son Joseph in Woodberry Forest private boarding school since his former private school did not go past ninth grade. Defendant testified that plaintiff personally mailed a deposit form to Woodberry Forest. Based on the amounts spent by defendant on Woodberry Forest, he deducted $288.17 from monthly child support pursuant to the parties' agreement.

KOUFMAN v. KOUFMAN

[97 N.C. App. 227 (1990)]

Plaintiff contends that the decision to enroll Joseph in Woodberry Forest was unilateral and that she was against it. This, she states, was in violation of the 24 October 1986 order which required the parties to participate equally in making major decisions concerning the children.

Essentially, plaintiff is pointing out the conflict between her testimony and that of defendant. It was the province of the trial court to resolve this conflict. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975). Our review of the record shows that there was competent evidence to support the court's determination. Therefore, its findings that defendant's child support reduction prior to 8 February 1988 were in accord with the 24 October 1986 order and not in willful disregard of any court order will not be disturbed on appeal.

Defendant testified (and the court found as fact) that after 8 February 1988 he reduced his child support payments to $2,000 per month in reliance on the memorandum of judgment executed by the parties on that date. We need not determine the binding effect of the memorandum of 8 February in order to conclude that defendant was not in willful contempt of court in relying on its contents. We conclude that the court's findings of fact are supported by competent evidence, and these findings support the court's conclusion of law and order that defendant was not in contempt of court.

[3] Next, plaintiff argues that the trial court erred in denying her motion to dismiss made at the conclusion of the evidence with respect to defendant's countermotion to reduce his child support payments. She also contends that certain findings of fact supporting the reduction in child support were not supported by the evidence.

Plaintiff's motion in this nonjury trial should be treated as one for involuntary dismissal pursuant to Rule 41(b) of the N.C. Rules of Civil Procedure. *Holthusen v. Holthusen*, 79 N.C. App. 618, 339 S.E.2d 823 (1986). Pursuant to this rule, the judge may at the close of the defendant's evidence give judgment against him "not only because his proof has failed in some essential aspect to make out a case but also on the basis of facts as he [the judge] may then determine them to be from the evidence then before him. *Lumbee River Electric Corp. v. City of Fayetteville*, 309 N.C. 726, 741, 309 S.E.2d 209, 218 (1983).

Defendant has the burden of proving a substantial change in circumstances affecting the welfare of the child to justify modifying a child support order. *Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E.2d 116 (1979). To order a modification, the court must determine the present reasonable needs of the children. Evidence of actual past expenditures is essential in determining the children's present reasonable needs. *Norton v. Norton*, 76 N.C. App. 213, 332 S.E.2d 724 (1985).

> Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned. . . . In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence. . . .
>
>     . . . .
>
>     . . . Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 712-14, 268 S.E.2d 185, 189-90 (1980) (citations omitted).

It is clear from the record and reflected in the court's order that defendant is a man of considerable financial means and his wealth has increased substantially since the time of the October 1986 child support order. Because of his financial position compared to that of plaintiff's, the court order requires defendant to continue to provide the entire support of his two children.

Applying the principles applicable to modification of child support set forth above, we must conclude that the court had before it insufficient evidence of the two children's actual past expenditures to support a specific finding of fact. The court made a finding of fact that "the plaintiff's expenses in her home for the minor children were in excess of $3,000 per year." (We assume that the court intended to say "in excess of $3,000 per *month*" rather than "per *year*.") Defendant does not direct us to evidence in the record to support this figure, nor does our review of the record reveal any. Plaintiff submitted only an affidavit of expenses dated August 1988. There are no affidavits in the record on appeal for the earlier period from October 1986 when the original support order was signed. This lack of evidentiary support for a finding regarding expenditures constitutes one basis for reversing the trial court order.

We also find the trial court's method of calculating the present reasonable expenses (excluding tuition and medical insurance) for the child Joseph to be at least partly in error. The court based its calculations on plaintiff's August 1988 affidavit of expenses. It reduced a number of her estimates for the stated reason that Joseph presently spends only seventy-one days per year with plaintiff because he attends boarding school. Certain of these expenses, such as cable television, automobile insurance, and automobile repairs, appear to be fixed expenses necessary to maintaining a home.

In *Gilmore v. Gilmore, supra,* the defendant prayed for a one-third reduction in child support and maintenance in part because the oldest of his three children had attained majority and defendant was incurring the expense of sending him to an out-of-state college. In reversing the trial court decision to reduce child support by one-third, this Court stated that defendant had "made no showing that the expenses relating to [the children's] maintenance and support have decreased proportionately one-third. Absent proof of this fact, it is impermissible to presume that such child-oriented expenses are proportionally divisible. The presumption, if any is appropriate at all, would be to the contrary in light of the fixed and indivisible costs of providing a home, and the varying requirements of the children." 42 N.C. App. at 563, 257 S.E.2d at 118-19 (citations omitted).

In the instant case, although the trial judge as fact finder, had the right to believe or disbelieve testimony as he saw fit,

we find no basis for his conclusion that certain of plaintiff's home and automobile maintenance costs would decrease because one child was not present in the home. We find the logic of *Gilmore v. Gilmore* reasonable that such fixed and indivisible costs of maintaining a home do not decrease proportionally when a child is not present.

[4] Last, plaintiff asserts that Judge Keiger erred in failing to recuse himself from further hearings in this action and failing to have her recusal motion heard by another judge. In a hearing on the issue Judge Keiger ruled that he could be completely fair and impartial.

A trial judge should recuse himself or refer the recusal motion to another judge if there is "sufficient force in the allegations contained in defendant's motion to proceed to find facts." *Bank v. Gillespie*, 291 N.C. 303, 311, 230 S.E.2d 375, 380 (1976). We do not find that the allegations in this case rise to that level. Plaintiff does not allege personal bias. We disagree with plaintiff's argument that Judge Keiger appeared to have "pre-judged" the case because of his statements in chambers to plaintiff's attorney as to what child support was appropriate. At that point the judge had already heard some evidence in the matter. In the present posture of this case, we find it unnecessary to address this issue further.

For the reasons stated above, we reverse the order of the trial court and remand for reinstatement of the child support order of 24 October 1986.

Affirmed in part; reversed in part and remanded.

Judge EAGLES concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

I disagree with the conclusion of the majority I) that there was insufficient evidence of the actual past expenditures of the children and II) that the trial court erred in its method of calculating the reasonable expenses of Joseph.

KOUFMAN v. KOUFMAN

[97 N.C. App. 227 (1990)]

I

The defendant introduced into evidence affidavits reflecting the financial standings of the parties. The affidavit of the plaintiff dated August 1988 included a detailed listing of the expenses for the two children totalling $2,148.37. The plaintiff testified she determined these figures by estimating the actual expenses of the children. Also in evidence was plaintiff's affidavit of financial standing submitted in support of the first order dated October 1986. That affidavit revealed plaintiff's expenses for the two children of $3,776 per month. The 1986 order, which was a consent order, set $3,333 per month as the defendant's child support obligation to the plaintiff. This is sufficient evidence of past expenditures to support the trial court's finding of plaintiff's monthly expenses ($1,663) for the children and its subsequent determination of the reasonable monthly needs ($1,700) of the children. *See Smith v. Smith*, 89 N.C. App 232, 236, 365 S.E.2d 688, 691 (1988).

II

Furthermore, I see no error in the trial court's calculation of the expenses for Joseph, the child who was a boarding school student in Virginia and was only in the plaintiff's home some 71 days each year. The trial court did determine that plaintiff's expenses for Joseph were less than the amount on plaintiff's affidavit and that one of the reasons for such reduction was the fact that Joseph was in plaintiff's home only 71 days a year. There is nothing in this record to support the conclusion of the majority that the trial court improperly allocated, by the use of some arbitrary formula, Joseph's share of the fixed expenses in the plaintiff's home. The order indicates the trial court accepted in full some of the plaintiff's asserted expenses, i.e., mortgage payments, homeowners insurance and taxes, and accepted in part other asserted expenses, i.e., electricity, water, cablevision, automobile gasoline and household supplies. I do not find this procedure inconsistent with *Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E.2d 116 (1979). *Gilmore* held only that a trial court may not assume that the costs of maintaining remaining children are less simply because a sibling has left the household. Furthermore, the trial court is not bound to accept all the evidence presented to the court as true, and I see no justification for rejecting the findings of the trial court. The trial court obviously did not agree with the plaintiff's allocation of certain expenses to Joseph.

III

Agreeing with the majority that the trial court correctly refused to find the defendant in contempt of court, I would affirm the trial court in every respect.