RAZIA SAVANI v. NOORALI K. SAVANI

No. 9010DC773

(Filed 16 April 1991)

1. **Judges § 5 (NCI3d) — child support action — recusal denied — no error**

   The trial judge did not err by refusing to recuse himself in an action for child support, attorney's fees and modified visitation where the judge had presided over earlier hearings between the parties and had shared office space with plaintiff's counsel when in private practice. Canon 3(c)(1) of the Code of Judicial Conduct directs that judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned; the test to apply in deciding what is reasonable is whether a reasonable man, knowing all of the circumstances, would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner. A careful review of the record and defendant's basis for the recusal motion shows that the circumstances do not reasonably warrant questioning the judge's impartiality.

   **Am Jur 2d, Judges §§ 154, 181.**

2. **Divorce and Separation § 397 (NCI4th) — retroactive child support — sufficiency of findings**

   There were sufficient findings to support a trial court's award of retroactive child support where plaintiff presented an affidavit of expenses incurred following the child's placement in her custody, the court made a finding of the child's expenses based on the affidavit, and the court found the amount to be reasonable.

   **Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

SAVANI v. SAVANI

[102 N.C. App. 496 (1991)]

3. **Divorce and Separation § 394 (NCI4th)— child support— findings—sufficient**

The trial court did not err in awarding prospective child support where there was evidence to support the court's findings that the child needed $770 per month, defendant had a gross income of $5,250 per month, plaintiff had a gross income of $1,189 per month, and plaintiff had reduced her expenses so that she would have enough funds to pay the expenses of the child. The trial court determines the credibility of the evidence and what it establishes, and the court's findings are conclusive on appeal if supported by any evidence, even if there is also evidence to the contrary.

**Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

4. **Divorce and Separation § 551 (NCI4th)— attorney fees—no abuse of discretion**

The trial court did not abuse its discretion in a child support action by awarding attorney fees to plaintiff where the trial court's finding that plaintiff had insufficient means to defray the expense of the action was supported by sufficient evidence; the court's finding that defendant refused to provide adequate support for the child under the circumstances is well supported by the evidence; and there was no abuse of discretion in the amount of the attorney fees.

**Am Jur 2d, Divorce and Separation § 1061.**

**Right to attorneys' fees in proceeding, after absolute divorce, for modification of child custody or support order. 57 ALR4th 710.**

5. **Divorce and Separation § 377 (NCI4th)— visitation of child— modification of schedule**

There was ample evidence to support the trial judge's modification of a visitation schedule where the court set out a detailed visitation schedule at the initial custody hearing; defendant missed one-half of his scheduled visits and failed to notify plaintiff that he would be unable to come; the missed visits caused plaintiff additional expense and inconvenience because it was necessary to arrange last minute day care on those weekends she was scheduled to work; and plaintiff and defendant were having difficulty agreeing on the five-week

period during which defendant was to have the child in the summer.

**Am Jur 2d, Divorce and Separation §§ 1003 et seq.**

**6. Divorce and Separation § 394 (NCI4th) — child support action — information concerning insurance — required to be furnished**

The trial judge did not abuse his discretion in a child support action by requiring defendant to provide plaintiff with information concerning accident and health insurance on the child where the original custody order had required defendant to maintain accident and health insurance through his employer.

**Am Jur 2d, Divorce and Separation § 1025.**

**7. Rules of Civil Procedure § 54 (NCI3d) — final order — defendant's proposal — signed without defendant's review**

The trial court did not err in an action for retroactive child support, attorney fees, and modified visitation by not allowing defendant to review the draft or final order prior to execution where defendant had submitted proposed findings of fact, conclusions of law, and a memorandum of law. Once the trial judge found the facts and entered his order, it was not incumbent upon him to submit his order to defendant prior to its execution.

**Am Jur 2d, Motions, Rules and Orders §§ 35-39.**

Judge GREENE concurring.

APPEAL by defendant from judgment signed 2 February 1990, nunc pro tunc, 1 November 1989 in WAKE County District Court by *Judge Jerry W. Leonard.* Heard in the Court of Appeals 12 February 1991.

*A. Larkin Kirkman for plaintiff-appellee.*

*Donald H. Solomon, P.A., by Meredith J. McGill, for defendant-appellant.*

WYNN, Judge.

This appeal was instituted by defendant following an order granting plaintiff child support, attorney's fees, and modified visitation. For the reasons which follow, we affirm.

SAVANI v. SAVANI

[102 N.C. App. 496 (1991)]

Plaintiff and defendant were married on 28 January 1983. One child was born of the marriage, Junaid Noorali Savani, on 7 February 1984. The parties separated in 1986 and an order awarding custody of their child to defendant was entered on 26 May 1986. In October 1986, plaintiff and defendant reconciled, and lived together until 9 December 1987.

On 15 January 1988, plaintiff filed a motion for change of custody, attorney's fees and child support. After four days of hearings during the 22 August 1988 Session of the District Court of Wake County, Judge Leonard entered an order on 24 October 1988 granting custody of the child to plaintiff and awarding child support in an amount to be determined after submission of financial affidavits by the parties to the court. A visitation schedule was also included in the order. Attorney's fees were not awarded in this order. Defendant gave notice of appeal on 28 October 1988 and dismissed his appeal on 1 January 1989.

On 22 May 1989, plaintiff filed a motion for hearing and entry of order setting child support and attorney's fees. Prior to a hearing on plaintiff's motion, plaintiff filed an additional motion to modify visitation on 28 June 1989. After several continuances requested by the defendant, a hearing was held on both motions on 24 October 1989. An order was entered 1 November 1990, granting plaintiff retroactive and prospective child support, attorney's fees and a modified visitation schedule. This appeal followed.

I

[1] Defendant raises eight issues within seven assignments of error. First, defendant assigns error to the trial judge's refusal to recuse himself from hearing the case at bar. Defendant advances the following three arguments in support of this motion: 1) the trial judge presided over the modification of custody hearing in November 1988, which transferred custody of the child from defendant to plaintiff, 2) the trial judge had presided over a hearing on 22 September 1989 concerning child support, the same issue to be tried on 24 October 1989, in which defendant was scheduled to be present but failed to appear due to inclement weather, and 3) the trial judge and plaintiff's counsel of record shared office space at some earlier point in time while the judge was in private practice.

SAVANI v. SAVANI

[102 N.C. App. 496 (1991)]

Canon 3(c)(1) of the Code of Judicial Conduct directs that, "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . . ." The test to apply in deciding what is reasonable is whether "a reasonable man knowing all the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner." *McClendon v. Clinard*, 38 N.C. App. 353, 356, 247 S.E.2d 783, 785 (1978).

A careful review of the record and defendant's basis for his recusal motion shows that the circumstances here do not reasonably warrant questioning Judge Leonard's impartiality. During the custody hearing of November 1988, Judge Leonard found as a fact and concluded that the child was in need of support. A later hearing to determine the amount was to be scheduled following the parties submitting financial affidavits to the court. Judge Leonard ordered the parties to submit these affidavits no later than 25 November 1988. Plaintiff submitted her affidavit on 28 November 1988, and defendant did not submit his affidavit until almost one year later. We fail to see how the trial judge's impartiality could reasonably be questioned in the second hearing when he had already ordered defendant to pay support during the first hearing.

The fact that Judge Leonard heard evidence on the support issue on 22 September 1989 in defendant's absence is also not adequate grounds to require findings of fact on the issue of recusal. "A trial judge should recuse himself or refer the recusal motion to another judge if there is 'sufficient force in the allegations contained in defendant's motion to proceed to find facts.'" *Kaufman v. Kaufman*, 97 N.C. App. 227, 234, 388 S.E.2d 207, 211 (1990) (quoting *Bank v. Gillespie*, 291 N.C. 303, 311, 230 S.E.2d 375, 380 (1976)). The record reflects that both plaintiff and defendant had notice of this hearing and both were prepared to attend. Defendant did not attend due to Hurricane Hugo, but was not able to notify Judge Leonard of this fact until 26 September 1989. As soon as Judge Leonard learned of defendant's excusable absence, he set aside the proceedings of that hearing. Defendant's claim that he was prejudiced by this hearing because he did not get to cross-examine plaintiff's testimony nor present his testimony is without merit. Both parties had a full and fair opportunity to present evidence and cross-examine proffered testimony during the October 1989 hearing.

SAVANI v. SAVANI

[102 N.C. App. 496 (1991)]

Next, defendant argues that Judge Leonard should have recused himself on the ground that he had shared office space with plaintiff's counsel when Judge Leonard was in private practice. At first glance, this argument poses a closer question than defendant's other recusal arguments. We do not believe, however, when all the circumstances are considered, that defendant was prejudiced by Judge Leonard's refusal to recuse himself on this ground. *See Lowder v. All Star Mills, Inc.*, 60 N.C. App. 275, 300 S.E.2d 230 (1983), *modified on other grounds*, 309 N.C. 695, 309 S.E.2d 193 (1983).

During the custody hearing, plaintiff's lead counsel was an attorney from Georgia who obtained permission to represent plaintiff in the modification of custody proceeding. Mr. Lebowski's affidavit for attorney's fees states that he represented plaintiff in this capacity until 26 August 1988. At that point, Judge Leonard had already determined that custody should be awarded to plaintiff, and that the child was in need of support. Defendant's testimony during the hearing of October 1989 also acknowledged that the child was in need of support. Therefore, the primary issue before Judge Leonard by the time Mr. Kirkman became plaintiff's lead counsel was the amount of support to be provided. Based on all the circumstances, we do not agree that a reasoning person would question Judge Leonard's impartiality. This assignment of error is overruled.

II

[2] Defendant by his second assignment of error alleges that there were insufficient findings of fact to support the court's award of retroactive child support.

A party requesting retroactive child support can seek an order for reimbursement of the nonsupporting parent's share of reasonably necessary expenditures made in the past for support of the child. *See Buff v. Carter*, 76 N.C. App. 145, 331 S.E.2d 705 (1985); *Warner v. Latimer*, 68 N.C. App. 170, 314 S.E.2d 789 (1984). A trial court must make specific factual findings to support an award of reimbursement for past support. *Sloan v. Sloan*, 87 N.C. App. 392, 360 S.E.2d 816 (1987). The party seeking retroactive child support must present sufficient evidence of the expenditures made in the past on behalf of the child, and that these expenditures were reasonably necessary. *See, generally, Buff* at 146, 331 S.E.2d at 706; *See also Rawls v. Rawls*, 94 N.C. App. 670, 675, 381 S.E.2d 179, 182 (1989) (stating that "retroactive child support payments

are recoverable for amounts actually expended on the child's behalf . . . ."). An award of retroactive child support must also take into account the defendant's ability to pay during the period in the past for which reimbursement is sought. *Buff, supra,* at 146, 331 S.E.2d at 706 (citations omitted).

Here, the plaintiff presented an affidavit of the expenses she incurred following the child's placement in her custody. Contrary to defendant's assertion that plaintiff's affidavit did not constitute evidence of actual expenditures, an affidavit is recognized by this court as a basis of evidence for obtaining support. *See Kaufman v. Kaufman,* 97 N.C. App. 227, 388 S.E.2d 207 (1990). Here, plaintiff enumerated expenses for the child in the amount of $681.00 per month as of 28 November 1988. She then testified that her monthly expenses for the child as of 24 October 1989 were $770.00 per month, and that this was an increase of $89.00 from her November 1988 affidavit due to early school care of $15.00 per month and $75.00 per month for additional child care. Based on this evidence, the trial court found that the plaintiff had expenses for the child of at least $7,627.20 for the period 19 November 1988 through 24 October 1989. The Court found this amount to be reasonable under the circumstances taking into account plaintiff's income, the needs of the child, the income of the defendant and the accustomed standard of living of the child with defendant. Since there is evidence in the record to support the trial judge's findings of fact and subsequent conclusions of law, this assignment of error is overruled.

III

[3] Defendant's next two assignments of error address the sufficiency of the evidence to support the trial court's award of prospective child support. For the reasons which follow we find no error.

> Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual findings specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents.

SAVANI v. SAVANI

[102 N.C. App. 496 (1991)]

*Newman v. Newman*, 64 N.C. App. 125, 127-28, 306 S.E.2d 540, 542, *disc. review denied*, 309 N.C. 822, 310 S.E.2d 351 (1983) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). "Evidence of actual past expenditures is essential in determining [a child's] present reasonable needs." *Kaufman, supra*, at 232, 388 S.E.2d at 209 (1990) (citing *Norton v. Norton*, 76 N.C. App. 213, 332 S.E.2d 724 (1985)). The general rule is that the ability of a party to pay child support is determined by that person's income at the time the award is made.

In the instant case, the trial judge, after hearing testimony from both plaintiff and defendant found that the reasonable needs of the child for health, education and maintenance was $770.00 per month. Of this amount, defendant was ordered to pay $700.00 per month. In reaching this conclusion, the trial judge considered evidence and made findings of plaintiff's and defendant's disposable income in order to determine the appropriate amount of child support each could afford to contribute to meet the reasonable needs of the child. Our Supreme Court has stated that using the disposable income (net income after expenses) is a way to fairly reflect the parties' relative ability to contribute proportionately to support of the child. *Plott v. Plott*, 313 N.C. 63, 326 S.E.2d 863 (1985).

At the time of the hearing, defendant had a gross income of $5,250.00 per month. The plaintiff presented evidence showing a gross income of $1,189.00 per month. Both parties presented detailed evidence regarding their living expenses, estates and debts. From this evidence, the trial court determined that plaintiff's reasonable expenses exceeded her income, but that she had reduced her expenditures so that she would have enough funds to pay for the expenses of the child. The trial court determines the credibility of the evidence and what it establishes. Once the trial court has made such findings, on appeal they are conclusive, if supported by any evidence, even if there is also evidence to the contrary. *Sloop v. Friberg*, 70 N.C. App. 690, 320 S.E.2d 921 (1984). Since there is evidence to support the trial court's findings, defendant's third and fourth assignments of error are overruled.

IV

[4] Defendant's fifth assignment of error questions the sufficiency of the evidence to support the trial judge's award of attorney's fees to plaintiff in the amount of $5,800.00. An award of attorney's

fees is permissible in a child support action pursuant to N.C. Gen. Stat. § 50-13.6 (1987), which provides in pertinent part as follows:

> [T]he Court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the Court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . .

Here, the trial judge found that the plaintiff was an interested party acting in good faith, and the defendant does not challenge these findings. Defendant does, however, advance three arguments in support of his contention that the award of attorney's fees to plaintiff was improper. First, defendant alleges that the evidence failed to show that the plaintiff had insufficient means to defray the expense of the action. We have already detailed the trial judge's findings regarding plaintiff's and defendant's financial status in assignments of error three and four above. After hearing the testimony on plaintiff's financial condition, the trial court found that plaintiff had insufficient means to defray the expense of the action. This finding is supported by sufficient evidence. *See Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982).

In his second argument, defendant alleges that the evidence was insufficient to find that he refused to provide adequate support "under the circumstances" existing at the time of the institution of this proceeding. Defendant's statement of the law is correct, because without a finding that a party refused to provide adequate support under the circumstances existing at the time of the action, an award of attorney's fees is improper. *See Brower v. Brower*, 75 N.C. App. 425, 331 S.E.2d 170 (1985). However, in the instant case the trial judge found the necessary facts to support an award of attorney's fees to plaintiff. These facts show that from the time that plaintiff received custody of Junaid in November 1988, defendant was ordered by the court to pay child support. The amount of support was to be determined once the parties submitted their affidavits of financial status to the court. The trial judge set 25 November 1988 as the time to submit these affidavits to the Court. Defendant did not submit an affidavit of financial status until almost one year later, after the plaintiff had requested child support. Dur-

ing this time period, defendant did not pay any money for the support of the child until June 1989. Therefore, the trial judge's finding that defendant refused to provide adequate support for the child under the circumstances is well supported by the evidence.

Third, defendant argues that the amount of attorney's fees is not supported by the evidence. We disagree. Both of plaintiff's attorneys who represented her in the custody and support hearings, submitted detailed affidavits of their experience, time, and preparation of the case. Based on this evidence, the trial judge found that an attorney's fee of $80.00 per hour for 75 and 10 hours of time respectively was a reasonable amount to award for time spent on the issue of support only. In a custody and support action, once the statutory requirements of Section 50-13.6 have been met, whether to award attorney's fees and in what amounts is within the sound discretion of the trial judge and is only reviewable based on an abuse of discretion. *Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E.2d 47 (1985). We do not find an abuse of discretion in the instant case.

V

[5] In his sixth assignment of error, defendant argues that there was insufficient evidence to support the trial judge's modification of the existing visitation schedule. Under N.C. Gen. Stat. § 50-13.7 (1987), a party is required to demonstrate substantially changed circumstances affecting the welfare of the child in order to be granted a modification of an existing custody order. *Kelly v. Kelly*, 77 N.C. App. 632, 335 S.E.2d 780 (1985). The word custody under the statute also includes visitation. *See Clark v. Clark*, 294 N.C. 554, 243 S.E.2d 129 (1978).

In this case, the plaintiff presented sufficient evidence from which the trial judge could find that the visitation schedule needed to be modified. During the initial custody hearing of November 1988, the trial judge set out a detailed visitation schedule. By the time of the support hearing, evidence was presented to show that defendant had missed approximately one-half of his scheduled visits and had failed to notify plaintiff that he would be unable to come. Plaintiff testified, and the trial judge found, that these missed visits had caused plaintiff additional expenses and inconvenience because it was necessary to arrange last minute day care on those weekends that she was scheduled to work. Defendant and plaintiff were also having difficulties agreeing as to which

five-week period during the summer that the defendant was to have the child. This was ample evidence to support the trial judge's modification of the visitation schedule. Defendant's sixth assignment of error is overruled.

## VI

[6] In his seventh assignment of error, defendant alleges that the trial judge should not have ordered him to provide plaintiff with information on medical insurance that he was required to maintain for the child. In the original custody order, the trial judge ordered that defendant maintain accident and health insurance on the child through defendant's employer. At the hearing of 24 October 1989, plaintiff testified that defendant had not provided her with any of the necessary insurance information. Consequently, the trial judge ordered defendant to provide this information to the plaintiff. It was within the trial judge's discretion to place this requirement in his order, and we find no abuse of that discretion.

## VII

[7] Finally, defendant assigns error because the trial court entered its final order without allowing defendant's attorney an opportunity to review the draft or final order prior to execution. Defendant submitted proposed findings of fact, conclusions of law, and a memorandum of law on the support issue to the trial judge for his consideration. Apparently, the trial judge considered the defendant's proposals in the making of his order. However, once the trial judge found the facts and entered his order, it was not incumbent upon him to submit his order to defendant prior to its execution. We find no merit in defendant's final assignment of error.

For the foregoing reasons, the decision of the trial court is,

Affirmed.

Judge WELLS concurs.

Judge GREENE concurs in a separate opinion.

Judge GREENE concurring.

The trial court in its order noted in its findings of fact that the prospective child support was to be determined in accordance with the *advisory* child support guidelines. In fact, the guidelines

in effect at the time of the entry of the trial court's order were the *presumptive* child support guidelines which in this case required a child support payment of $892.00 each month unless the trial court deviated from that amount on the basis of one of eight statutory criteria. *See Greer v. Greer*, 101 N.C. App. 351, 353-54, 399 S.E.2d 399, 401 (1991) (setting out eight statutory criteria); *see also Browne v. Browne*, 101 N.C. App. 617, 622-23, 400 S.E.2d 736, 739-40 (1991) (first set of presumptive guidelines in effect from 1 October 1989 through 30 September 1990). In applying the advisory rather than the presumptive guidelines, the trial court erred. However, since the plaintiff does not raise this issue on appeal, I join with the majority in affirming the order of the trial court.