IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-408

No. COA21-468

Filed 21 June 2022

Cumberland County, No. 17 CVD 3664

NEELIMA JAIN, Plaintiff,

v.

ASHOKKUMAR JAIN, AA BUSINESS PROPERTIES, LLC and INDIA
FOUNDATION, and KIDZCARE PEDIATRICS PC KIDZ CARE PLAZA
CONDOMINIUM OWNERS ASSOCIATION, INC. and JAIN PROPERTIES, LLC
and JAIN STERLING PROPERTIES, LLC and 4A PROPERTIES, LLC and
PEDIATRIC FRANCHISING INC., Defendants.

Appeal by Defendant Ashokkumar Jain from order entered 22 April 2021 by

Judge Toni S. King in Cumberland County District Court. Heard in the Court of

Appeals 9 February 2022.

*The Armstrong Law Firm, P.A., by L. Lamar Armstrong, III, for
Plaintiff-Appellee Neelima Jain.*

*Adams Burge & Boughman, by Harold Lee Boughman, Jr., for
Defendant-Appellant Ashokkumar Jain.*

COLLINS, Judge.

¶ 1    Defendant Ashokkumar Jain appeals from an order requiring him to pay

$6,196.50 per month in child support to his former wife, Plaintiff Neelima Jain.

Defendant argues that the trial court made unsupported findings of fact, failed to

make sufficient findings of fact, and erred and abused its discretion in its award of

child support. Because the trial court's findings of fact concerning the minor child's reasonable needs for shelter, clothing, electricity, and utilities were unsupported by competent evidence adduced at the child support hearing, we vacate the order and remand to the trial court.

## I. Background

Plaintiff and Defendant married in October 1994, had two children during their marriage, and separated in March 2016. Plaintiff filed this action in May 2017 seeking child support, equitable distribution, alimony, post separation support ("PSS"), and attorneys' fees.[1] Plaintiff and Defendant's older child reached the age of majority before they separated but their younger child, the subject of the child support claim, reached the age of majority during the pendency of this appeal.

On 1 February 2018, the trial court entered an order obligating Defendant to pay Plaintiff $2,370.00 per month for temporary child support for their minor child and $4,000 per month for PSS.

On 20 January 2021, the parties appeared before the trial court to address numerous issues. Plaintiff initially requested, "Administratively, can we proceed with the child support first since it's by testimony?" The trial court answered affirmatively. Defendant noted that he had an oral motion to dismiss PSS review

---

[1] Plaintiff and Defendant have been divorced in a separate proceeding in Cumberland County.

because there was no substantial change in circumstances. The trial court stated that it would hold Defendant's motion until after addressing child support and confirmed that Plaintiff was "going to move forward with the permanent child support" claim. Plaintiff answered yes, and the trial court proceeded to hear Plaintiff's claim for permanent child support. The Exhibits/Evidence Log reflects that the trial court received the following as exhibits during the child support hearing: Defendant's 2019 W-2, Defendant's paystub for the first two weeks of May 2020, statements of Defendant's 2019 K-1 distribution income, a statement of Plaintiff and Defendant's joint BB&T account, a statement acknowledging payment of a First Citizens Bank loan, an insurance policy for a car driven by the minor child, copies of passports for Defendant and the minor child, a Wells Fargo credit card statement, and documentation of travel and basketball expenses for the minor child. After hearing testimony and argument, the trial court stated that it would "have to take this under advisement."

¶ 5 The trial court next held a hearing on motions to modify Defendant's PSS payment.[2] During this hearing, the trial court reminded the parties, "Generally we do the post-separation support by affidavits." The trial court and the parties referred to multiple financial affidavits including two executed by Plaintiff: a Post Separation

---

[2] The parties referred to multiple motions pertaining to PSS before the trial court, but those motions were not included in the record for the present appeal.

Support Affidavit filed in September 2020 ("2020 PSS Affidavit") and another Post Separation Support Affidavit filed in July 2017 ("2017 PSS Affidavit"). The trial court marked the 2020 PSS Affidavit, 2017 PSS Affidavit, and other documents as "PSS Exhibits" in the Exhibits/Evidence Log under a separate heading from the exhibits received during the child support hearing. No live testimony was offered during the PSS hearing. At the conclusion of the PSS hearing, the trial court declined to modify Defendant's PSS payment. Immediately thereafter, the trial court rendered an oral ruling on child support. The trial court subsequently addressed issues concerning scheduling, discovery, expert witnesses, and interim equitable distribution.

¶ 6        On 22 April 2021, the trial court entered a Permanent Child Support Order and Interim Equitable Distribution Order ("Child Support Order"). The Child Support Order required Defendant to pay $6,196.50 per month for permanent child support, pay 70% of the minor child's healthcare costs not covered by insurance, provide private health insurance coverage for the minor child, and provide an insured vehicle for the benefit of the minor child. Defendant appealed.

## II.    Discussion

¶ 7        Defendant argues that the trial court made findings of fact unsupported by evidence properly before the trial court at the child support hearing; failed to make sufficiently specific findings concerning the minor child's reasonable needs; and erred and abused its discretion by ordering Defendant to pay $6,196.50 for child support.

Child support payments "shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(c) (2021). Ordinarily, the trial court "shall determine the amount of child support payments by applying the presumptive guidelines[.]" *Id.* However, where "the parents' combined adjusted gross income is more than $30,000 per month ($360,000 per year), the supporting parent's basic child support obligation cannot be determined by using the child support schedule." Determination of Support in Cases Involving High Combined Income, N.C. Child Support Guidelines (2021).

> [W]here the parties' income exceeds the level set by the Guidelines, the trial court's support order, on a case-by-case basis, must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount. The determination of a child's needs is largely measured by the accustomed standard of living of the child.

*Smith v. Smith*, 247 N.C. App. 135, 145-46, 786 S.E.2d 12, 21 (2016) (quotation marks and citations omitted). "[O]ur appellate courts have long recognized that a child's reasonable needs are not limited to absolutely necessary items if the parents can

afford to pay more to maintain the accustomed standard of living of the child." *Id.* at 146, 786 S.E.2d at 22 (citations omitted).

¶ 9        "[T]o determine the reasonable needs of the child, the trial court must hear evidence and make findings of *specific* fact on the child's actual past expenditures and present reasonable expenses." *Jackson v. Jackson*, 280 N.C. App. 325, 2021-NCCOA-614, ¶ 16 (quotation marks and citation omitted). "These findings must, of course, be based upon competent evidence[.]" *Atwell v. Atwell*, 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985). We review a trial court's child support order for an abuse of discretion. *Jonna v. Yarmada*, 273 N.C. App. 93, 122, 848 S.E.2d 33, 54 (2020).

¶ 10        Here, the trial court made the following pertinent findings of fact in support of its award of $6,196.50 in monthly child support:

> 12.   . . . Defendant's gross yearly income for 2019 is $1,945,664.60, giving Defendant a gross monthly income of $162,138.71.
>
> 13.   The court has reviewed the financial affidavits, the prior order and findings, and the court further explained that it is taking judicial notice of the findings in prior orders in addition to the evidence presented.
>
> 14.   The Court finds the minor child does have reasonable needs with regards to shelter, clothing, electricity and utilities.
>
> 15.   The minor child also has reasonable needs for food, transportation, subscriptions to gym memberships and other recreational activities that the child was accustomed

to when the parties had an intact marriage.

16. The minor child has reasonable expenses to travel to include trips to India at approximately $4,000.00 a ticket per year, trips to different countries of an average cost of $1,500.00 per year, and local trips within the United States at an average yearly cost of approximately $600.00.

17. The court finds the reasonable expenses for shelter for the minor child is approximately $1,850.00, and the minor child does reside with the Plaintiff mother, as well as the utilities expenses incurred in the home.

18. The minor child has a reasonable expense for a vehicle payment for a Nissan Altima. That the minor child previously had a vehicle, a 2020 Honda Civic, that Defendant was paying $434.48 per month, but that vehicle has since been sold. The current vehicle payment for the Altima is approximately $300.00.

19. There is a vehicle insurance premium of $342.80 per month, and that the Court concludes the premium is based on the minor child's maturity and lack of experience in driving.

20. That the minor child does have issues with his knee since he is an avid basketball player. The minor child has been referred to physical therapy for his knee, where there is [a] $70 co-pay for each visit. The minor child needs to go twice a week, but has been going one time per week.

21. The Court will find that the minor child has reasonable expenses that suit his accustomed standard of living of approximately $6,885.00 and therefore the court is going to order said amount.

22. The Court will find that Defendant has the means and ability to pay the child support based on the income that he earns. And the court will enter an order requiring the parties share in the minor child's reasonable expense.

. . . .

24. The Court finds the Defendant's share of the minor child's expenses will be 90% which is $6,196.50. . . .

Defendant challenges Finding 14 and Finding 17 as unsupported by competent evidence. We agree. Both Plaintiff and Defendant testified at the child support hearing, but neither testified concerning the minor child's expenses for shelter, clothing, electricity, or utilities. Plaintiff instead argues that values listed in her 2020 PSS Affidavit support the trial court's findings and underscores the trial court's statement that it "reviewed the financial affidavits" prior to making the child support award.[3]

This Court has recognized that parties may introduce affidavits in support of claims for child support. *See Smith*, 247 N.C. App. at 151, 786 S.E.2d at 25 ("Affidavits are acceptable means by which a party can establish" past expenditures for a child); *Row v. Row*, 185 N.C. App. 450, 460, 650 S.E.2d 1, 7 (2007) (holding that the parties' financial affidavits "were competent evidence [] which the trial court was allowed to rely on in determining the cost of raising the parties' children"); *Savani v. Savani*, 102 N.C. App. 496, 502, 403 S.E.2d 900, 904 (1991) ("[A]n affidavit is recognized by this court as a basis of evidence for obtaining support."). However, such

---

[3] Plaintiff's argument that the trial court's findings of fact are properly supported does not rely on the 2017 PSS Affidavit.

affidavits must be properly before the trial court because the trial court is constrained to "determine what pertinent facts are actually established *by the evidence before it*[.]" *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (emphasis added).

¶ 13     In this case, the trial court held a child support hearing and a PSS review hearing on the same day. But, as both the parties and the trial court acknowledged on that day, the child support and PSS hearings were distinct proceedings. The trial court first held the child support hearing, took the issue under advisement, and then heard motions to modify PSS. While the parties and the trial court relied on the PSS Affidavits at the PSS hearing, neither Plaintiff nor Defendant sought to admit either affidavit during the child support hearing. As a result, the affidavits were not before the trial court during the child support hearing and cannot be considered competent evidence in support of the trial court's findings concerning the minor child's reasonable needs.

¶ 14     Plaintiff contends that a "plethora of cases hold that financial affidavits . . . are proper filings from which trial courts may compute child support." While true, none of the cases cited by Plaintiff stand for the proposition that a financial affidavit relied upon during a different proceeding, and not submitted at the hearing on child support, is sufficient to support findings in an order for permanent child support. *See Koufman v. Koufman*, 330 N.C. 93, 98-99, 408 S.E.2d 729, 731-32 (1991) (holding that the trial court's adjustment of eleven fixed expenses claimed by the plaintiff was

supported by plaintiff's affidavit of financial standing, filed with the trial court prior to the completion of the child support hearing); *Smith*, 247 N.C. App. at 151-52, 786 S.E.2d at 25-26 (affirming the trial court's findings of fact because the inconsistency in defendant's testimony explaining her financial affidavits was "only [a] credibility issue[] to be resolved by the trial court" and the "evidence before the court otherwise established [defendant's] expenditures for the relevant time period"); *Savani*, 102 N.C. App. at 501-02, 403 S.E.2d at 903-04 (rejecting "defendant's assertion that plaintiff's affidavit did not constitute evidence of actual expenditures" where plaintiff testified in explanation of the figures in the affidavit); *Byrd v. Byrd*, 62 N.C. App. 438, 440-41, 303 S.E.2d 205, 207-08 (1983) (rejecting plaintiff's argument that findings in the child support order were not sufficiently specific where the trial court "made specific reference to the defendant's affidavit" itemizing the children's expenses "rather than setting forth the specific facts regarding the needs of the children"); *McLeod v. McLeod*, 43 N.C. App. 66, 66-68, 258 S.E.2d 75, 76-77 (1979) (affirming child support and alimony awards where the trial court made findings "[o]n the basis of extended exhibits and testimony," including an affidavit of the wife's expenses, and "[n]o exception was taken from these findings of fact").

¶ 15    Plaintiff characterizes Defendant's argument as a "highly technical evidentiary argument." We recognize that trial courts may hear motions for child support and PSS concurrently, or may hear such motions consecutively with the

parties agreeing, explicitly or implicitly, to have the trial court consider all evidence presented for both issues. *See, e.g., Gilmartin v. Gilmartin*, 263 N.C. App. 104, 106-07, 822 S.E.2d 771, 773 (2018) (concluding it was clear from the conduct of the parties that the trial court heard claims for alimony and equitable distribution during the same hearing). But here, the trial court held clearly distinct child support and PSS review hearings on the same day and nothing in the record supports a conclusion that the parties agreed to have the trial court consider all evidence presented at each hearing for both issues. It is far from a technicality, and in fact it is a requirement, that the trial court is bound to "determine what pertinent facts are actually established by the evidence before it[.]" *Coble*, 300 N.C. at 712, 268 S.E.2d at 189.

¶ 16        For the same reasons, we strike Plaintiff's supplement to the record on appeal pursuant to N.C. R. App. P. 9(b)(5)(a), containing (1) an 18 November 2021 affidavit of her trial counsel seeking to explain the proceedings before the trial court, (2) the 2020 PSS Affidavit, and (3) the 2017 PSS Affidavit, and deny Plaintiff's motion to amend the record to incorporate these documents pursuant to N.C. R. App. P. 9(b)(5)(b). *See State v. McGaha*, 274 N.C. App. 232, 238, 851 S.E.2d 659, 663 (2020) (holding that a form which had never been filed with or presented to the trial court "could not supplement the record on appeal pursuant to Rule 9(b)(5)(a)" and "cannot be added to the record on appeal pursuant to Rule 9(b)(5)(b)").

¶ 17    Because the 2020 PSS Affidavit was not introduced during the child support hearing, it is not competent evidence in support of the trial court's findings concerning the minor child's reasonable needs.  No other evidence in the record supports the trial court's findings concerning the minor child's reasonable needs for shelter, clothing, electricity, and utilities.

¶ 18    Even if we consider all the findings of fact, including those challenged by Defendant, the findings do not support the trial court's finding of $6,885.00 in reasonable expenses for the minor child and the consequent $6,196.50 award of monthly child support payments.  Our Supreme Court has emphasized that in an order for child support,

> [e]vidence must support findings; findings must support conclusions; conclusions must support the judgment.  Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself.  Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble*, 300 N.C. at 714, 268 S.E.2d at 190.  Here, the trial court found the following specific expenses for the minor child:  travel expenses of $4,000 per year for trips to India, $1,500 per year for trips internationally, and $600 per year for trips domestically; shelter expenses of $1,850 per month; a $300 monthly car payment; a $342.80 monthly car insurance premium; and a $70 copay for physical therapy, which

the minor child needed to attend twice weekly. These values total only $3,561.13 monthly. While the trial court found that "the minor child does have reasonable needs with regards to . . . clothing, electricity and utilities[,]" as well as "food, transportation, subscriptions to gym memberships and other recreational activities," the trial court did not find what those needs were. Contrary to Plaintiff's suggestion that the trial court's permanent child support award is supported in part by her testimony that the $2,370 in temporary support was insufficient to meet the minor child's needs, there is no indication that the expenses found by the trial court in the Child Support Order were additional to, and not overlapping with, the expenses reflected in the previous award of temporary child support.

¶ 19        As Defendant argues, "there is no indication of any methodology applied by the trial court" to reach the finding of $6,885 in reasonable expenses for the minor child and the award of $6,196.50 in monthly child support payments. *See Diehl v. Diehl*, 177 N.C. App. 642, 653, 630 S.E.2d 25, 32 (2006) (concluding that it was "impossible to determine on appeal where the figures used by the trial court came from at all" where the trial court found only lump sum values for the children's reasonable needs and there was "no indication of what methodology or facts the trial court considered").

### III.    Conclusion

¶ 20        The trial court's findings concerning the minor child's reasonable needs for shelter, clothing, electricity, and utilities were unsupported by competent evidence in

the record before the trial court in the child support hearing. Additionally, the trial court's findings concerning the minor child's reasonable needs did not support its award of child support. Accordingly, we vacate the Child Support Order and remand to the trial court. "On remand, the trial court, in its discretion, may enter a new order based on the existing record, or may conduct further proceedings including a new evidentiary hearing if necessary." *Kaiser v. Kaiser*, 259 N.C. App. 499, 511, 816 S.E.2d 223, 232 (2018) (citation omitted).

VACATED AND REMANDED.

Judges ZACHARY and CARPENTER concur.